

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASHID WADEEA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 24-cv-01587-H-DDL<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 8.] |

On July 11, 2024, Plaintiff Mashid Wadeea ("Plaintiff") filed a class action complaint against Mercedes-Benz USA, LLC ("MBUSA") in the Superior Court of California, County of San Diego. (Doc. No. 1-2, Compl.) On September 6, 2024, MBUSA removed Plaintiff's complaint to the United States District Court for the Southern District of California. (Doc. No. 1.) On September 27, 2024, MBUSA filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 8.) On November 18, 2024, Plaintiff filed a response to MBUSA's motion to dismiss. (Doc. No. 17.) On November 25, 2024, MBUSA filed a reply. (Doc. No. 18.) On December 2, 2024, the Court took the matter under submission. (Doc. No. 19.) For the reasons below, the Court denies MBUSA's motion to dismiss.

//

## Background

The following factual background is taken from the allegations in Plaintiff's complaint. Plaintiff is a resident of California. (Compl. ¶ 12.) MBUSA is a Delaware corporation with its headquarters in Atlanta, Georgia. (Id. ¶¶ 14–15.) MBUSA manufactures and sells automobiles. (Id. ¶ 15.) Plaintiff brings this action against MBUSA on behalf of persons who purchased Mercedes-Benz S-Class vehicles of model years 2021 through 2024 ("Class Vehicles") in California. (Id. ¶ 1.)

On October 29, 2022, Plaintiff purchased a 2023 Mercedes-Benz S580V4, new, for a total consideration of $178,028.08. (Id. ¶ 33.) Plaintiff's Class Vehicle was manufactured by MBUSA and came with an express warranty. (Id. ¶ 35.) The express warranty provided that, if a defect developed during the warranty period, Plaintiff would be provided repair services at an authorized dealership. (Id.) The Class Vehicles suffer from a defect affecting the 21-inch AMG wheels that causes the tires to bubble along the sidewall, leak air, and blow out while driving. (Id. ¶¶ 34, 37–43.) Between December 5, 2022 to March 22, 2024, Plaintiff brought her vehicle to an authorized dealership for repair services due to problems caused by the defect at least six times. (Id. ¶¶ 37–44.) Plaintiff's vehicle was never adequately repaired or replaced and she does not believe her vehicle is safe for normal operation. (Id. ¶¶ 44-45, 130.)

Beginning in mid-2022, consumers complained about the defect affecting the Class Vehicles on internet forums and social media accounts monitored by MBUSA. (Id. ¶ 74-75.) MBUSA's authorized dealers were aware of the defect as early as 2022 and reported incidents of tire blowouts resulting from the defect directly to MBUSA. (Id. ¶ 76.) MBUSA has issued recalls on other vehicles it manufactures for similar tire issues but has not issued a recall for tires installed on the Class Vehicles. (Id. ¶¶ 77–80.)

On July 11, 2024, Plaintiff filed a class action complaint against Mercedes-Benz in the Superior Court of California, County of San Diego, alleging claims for: (1) violations of California's Song Beverly Consumer Warranty Act ("Song Beverly Act"), California Civil Code §§ 1790 *et seq.*; (2) violations of California's Unfair Competition Law

("UCL"), California Business & Professional Code §§ 17200 *et seq.*; (3) breach of express warranty; (4) breach of implied warranty; (5) unjust enrichment; and (6) fraudulent concealment. (Compl. ¶¶ 128–222.) MBUSA moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's complaint in its entirety for failure to state a claim.

## Discussion

### I. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to give the defendant fair notice of the claim is its grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017). In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." Los Angeles Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)).

//

## II. Analysis

### A. Plaintiff Adequately Pleads a Defect

MBUSA moves to dismiss the complaint in its entirety, arguing that Plaintiff has failed to properly plead a defect in the first instance. (Doc. No. 8-1 at 12-13.) MBUSA asserts that Plaintiff's description of the defect is vague and that the tire problems at issue could have been caused by ordinary driving behavior or road conditions and, thus, Plaintiff has not pled a defect with sufficient particularity. Id.

To allege a defect, the complaint must contain sufficient allegations to provide fair notice and must plausibly suggest entitlement to relief. Mosqueda v. Am. Honda Motor Co., Inc., 443 F. Supp. 3d 1115, 1126 (Mar. 6, 2020). While a plaintiff "must describe the alleged defect in sufficient detail" to survive a motion to dismiss, the plaintiff "may seek the specific mechanical details of the defect during discovery." Tappana v. Am. Honda Motor Co., Inc., 609 F. Supp. 3d 1078, 1084 (C.D. Cal. July 5, 2022). Generally, allegations describing the problems caused by the defect are sufficient. See Mosqueda, 442 F. Supp. 3d at 1127 (collecting cases).

Plaintiff has identified a specific size and type of tire that she alleges contains the defect. (Compl. ¶¶ 33, 41.) She alleges the defect causes inexplicable tire blowouts, leaking air, bubbling along the side wall, and unpredictable handling. (Id. ¶¶ 37–44.) She also alleges these problems occurred within the first few months of ownership. (Id.) She supports her contention that these tire issues are caused by a defect by detailing the complaints of several other consumers reporting the same problems. (Id. ¶¶ 48–56.) These allegations are sufficient to plead a defect. See, e.g., Mosqueda, 443 F. Supp. 3d at 1127 (finding allegations of problems caused by automatic braking system, combined with numerous NHTSA complaints detailing the same issues, sufficient to plead a defect). Accordingly, the Court denies the motion to dismiss the complaint on this basis.

### B. Fraud Based Claims

Defendant argues that Plaintiff has not sufficiently pled her claims sounding in fraud. (Doc. No. 8-1 at 14-21.) "A claim for fraud based on concealment or omission requires

that: (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would have acted otherwise if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damage." In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig., 2019 WL 3000646, at *5 (C.D. Cal. May 22, 2019). Allegations of fraud must set forth "the who, what, when, where, and how of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted).

a. Rule 9(b) Particularity

MBUSA argues that Plaintiff's UCL and fraudulent concealment claims should be dismissed because Plaintiff has not met the heightened particularity requirement of Federal Rule of Civil Procedure 9(b). (Doc. No. 8-1 at 14, 19.) Plaintiff argues that her claims sounding in fraud are brought on a theory of omission and are thus subject to a relaxed standard of pleading. (Doc. No. 17 at 14–15.)

A claim based on a nondisclosure or omission is a claim for misrepresentation in a cause of action for fraud, and it must be pleaded with particularity under Rule 9(b). Kearns, 567 F.3d at 1127. Generally, a party must allege the who, what when, where, and how of the misconduct alleged with specificity. See Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). When a claim is based on allegations of fraudulent omission, "Rule 9(b)'s 'who, what, when, where, and how' test must be applied while 'mindful of the [] inherent limitations of an omission claim.'" Gamez v. Toyota Motor Sales, U.S.A., Inc., 2024 WL 86320, at *14 (E.D. Cal. Jan. 8, 2024) (quoting In re Vizio, Inc., Consumer Priv. Litig., 238 F. Supp. 3d 1204, 1229 (C.D. Cal. 2017)). This approach recognizes that, in fraudulent omission cases, "the relevant facts are known only to the defendants." Moore v. Mars Petcare US, Inc., 966 F.3d 1007, 1020 (9th Cir. 2020). To plead a claim for fraud by omission, a plaintiff "must both 'describe the content of the omission' and 'where the

omitted information should or could have been revealed.'" Tappana v. Am. Honda Motor Co., Inc., 609 F. Supp. 3d 1078, 1088 (C.D. Cal. 2022).

Plaintiffs sufficiently plead their fraud by omission claims. Plaintiff has alleged that there is a defect. See supra Section II.A. Plaintiff has also alleged that she purchased her vehicle new and that no information in the public domain disclosed the existence of the defect, including the existence of a recall related to the defect. (Compl. ¶¶ 86, 80.) Plaintiff also alleges that she would not have purchased or paid as much for the vehicle had the defect been disclosed. (Id. ¶¶ 70–71.) "In short, the 'who' is [MBUSA], the 'what' is [its] knowledge of a defect, the 'when' is prior to the sale of [the vehicle], and the 'where' is the various channels of information through which [MBUSA] sold [the vehicle]." MacDonald v. Ford Motor Co., 37 F. Supp. 3d 1087, 1098 (Mar. 31, 2014); see also Gamez, 2024 WL 86320, at *15 (quoting MacDonald for the same and collecting cases).

      b. Pre-Sale Knowledge

MBUSA argues that Plaintiff's claims sounding in fraud should be dismissed because Plaintiff fails to plead that MBUSA had knowledge of the defect at the time of sale. (Doc. No. 8-1 at 15.) "To be liable for a failure to disclose, a defendant must have pre-sale knowledge of the defect." Sloan v. Gen. Motors LLC, 287 F. Supp. 3d 840, 865 (N.D. Cal. Feb. 7, 2018). Plaintiff alleges she purchased her vehicle in October 2022. (Compl. ¶ 33.) Plaintiff alleges several instances of consumer complaints concerning defective S-Class vehicle tires on online forums and MBUSA's social media pages dating back to mid-2022 and alleges MBUSA monitors these information channels. (Id. ¶¶ 74–75.) Plaintiff also alleges MBUSA's dealerships were aware of the defect in S-Class vehicles of model year 2022 and had reported it to MBUSA. (Id. ¶ 76.) Finally, Plaintiff alleges MBUSA has issued recalls for similar defects in certain of its 2018 model year vehicles. (Id. ¶ 77.) Taken together, Plaintiffs allege facts sufficient to support a plausible inference that MBUSA had the requisite pre-sale knowledge of the defect. See, e.g., Gamez, 2024 WL 86320, at *13–14 (finding plaintiffs' allegations of pre-sale knowledge

sufficient when they include multiple sources of information where defendant likely learned of the defect).

### c. Active Concealment

MBUSA argues that Plaintiff's fraudulent concealment claim should be dismissed because Plaintiff does not allege facts showing that MBUSA took affirmative steps to conceal the defect. (Doc. No. 8-1 at 20–21.) "[T]o state a claim for active concealment," a plaintiff "must allege specific affirmative acts" a defendant took in "hiding, concealing, or covering up the matters complained of." Herron v. Best Buy Co. Inc., 924 F. Supp. 2d 1161, 1176 (E.D. Cal. Feb. 14, 2013). "Mere nondisclosure does not constitute active concealment." Id. In Herron, the court found a conclusory assertion that the defendant "actively concealed material facts" from plaintiff was insufficient to show active concealment. Id. By contrast, courts have found that allegations of nondisclosure paired with allegations of "denials of free servicing or repairs of defective parts sufficient to survive a motion to dismiss." Cho v. Hyundai Motor Co., Ltd., 636 F. Supp. 3d 1149, 1166 (C.D. Cal. Oct. 21, 2022).

Plaintiff's complaint details several instances where Plaintiff and other consumers brought the vehicles to authorized dealerships and were told that "nothing [was] wrong" and the only recourse was to "replace/switch to different tire size at [their] expense." (Compl. ¶ 55; see also Compl. ¶¶ 36–56, 214.) As in Cho, these allegations are sufficient to survive the pleadings stage. See Cho, 636 F. Supp 3d at 1166.

### d. Duty of Disclosure

MBUSA argues that Plaintiff does not allege facts showing that MBUSA owed Plaintiff a duty to disclose the defect. (Doc. No. 8-1 at 17–19.) "Under California law, there are four circumstances in which an obligation to disclose may arise." Smith v. Ford Motor Co., 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010). These include "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes

partial representations but also suppresses some material fact." Falk v. Gen. Motors Corp., 496 F. Supp. 2d 1088, 1094 (N.D. Cal. 2007). Under California law, a defect that occurs during the warranty period is a material fact if Plaintiff alleges that "the defect 'would have caused [them] to not purchase the car if [it] had been disclosed.'" Sloan v. Gen. Motors LLC, 287 F. Supp. 3d 840, 869 (N.D. Cal. 2018) (quoting Apocada v. Whirlpool Corp., 2013 WL 6477821, at *7 (C.D. Cal. Nov. 8, 2013)).

Here, Plaintiff has alleged that a defect occurred during the express warranty period that would have caused her to not purchase the car if it had been disclosed. (Compl. ¶¶ 37, 71.) As the Court has already determined that Plaintiff sufficiently pleads active concealment and MBUSA's pre-sale knowledge of the defect, Plaintiff's allegations are sufficient to show that MBUSA owed a duty to Plaintiff to disclose the defect.

e.  Economic Loss Rule

MBUSA argues that the economic loss rule bars Plaintiff's fraudulent concealment claim because she "has not alleged any injury other than monetary damages." (Doc. No. 8-1 at 21.) Plaintiff argues that the economic loss rule does not apply because Plaintiff alleges intentional tortious conduct on the part of MBUSA that was independent of contractual obligations. (Doc. No. 17 at 19.)

Under California law, a plaintiff may assert a cause of action for fraudulent concealment "based on conduct occurring in the course of a contractual relationship, if the elements of the cause of action can be established independently of the parties' contractual rights and obligations and the tortious conduct exposes the plaintiff to a risk of harm beyond the reasonable contemplation of the parties when they entered into the contract." Rattagan v. Uber Techs., Inc., 17 Cal. 5th 1, 38 (2024).

MBUSA asserts that Plaintiff's fraudulent concealment claim is not independent of the contractual rights under the express warranty because the warranty excludes tire damage. (Doc. No. 18 at 11.) This argument is grounded in a disputed factual assertion and, so, the Court declines to apply the economic loss rule to Plaintiff's fraudulent concealment claim at this stage. See infra Section II.G. Plaintiff has adequately pled its

claims sounding in fraud.  Accordingly, the Court denies the motion to dismiss as to those claims.

### C. Breach of Implied Warranty Claim

MBUSA moves to dismiss Plaintiffs' implied warranty claims.  (Doc. No. 8-1 at 23–25.)  MBUSA argues that Plaintiff fails to plead (1) that the vehicle was not merchantable and (2) that Plaintiff stands in vertical privity with MBUSA.  Id.  The Court will address each argument in turn.

#### a. Merchantability

MBUSA argues Plaintiff has not pled facts that establish that the vehicle was not fit for its ordinary purpose.  (Doc. No. 8-1 at 23).  MBUSA asserts that because Plaintiffs do not plead that the defect rendered her vehicle "incapable of providing transportation," she has not successfully pled breach of implied warranty.  Id.

To state a claim under California Commercial Code § 2314 for a breach of the implied warranty of merchantability, a consumer must demonstrate that the good is not "fit for the ordinary purposes for which such goods are used."  Cal. Com. Code § 2314(2)(c).  In the context of vehicles:

> The law is clear that to be fit for its ordinary purpose, a vehicle must be "in safe condition and substantially free of defects."  Isip v. Mercedes–Benz USA, LLC, 155 Cal. App. 4th 19, 27, 65 Cal. Rptr. 3d 695 (2007).  Moreover, it must provide "reliable" transportation.  Brand v. Hyundai Motor Am., 226 Cal. App. 4th 1538, 1547, 173 Cal. Rptr. 3d 454 (2014) (quotation omitted).  Thus, three factors related to vehicle merchantability are safety, reliability, and substantial freedom from defects.

In re MyFord Touch Consumer Litig., 291 F. Supp. 3d 936, 945–46 (N.D. Cal. 2018) (footnote omitted).

Plaintiff alleges that, due to the defect, the vehicle "handle[s] unpredictably," the tires "blowout while driving," and that she cannot "safely rely on the vehicle for normal operation."  (Compl. ¶¶ 38, 43, 45.)  At this stage of the case, Plaintiffs have alleged sufficient facts regarding the tire defect's impact on the safety and reliability of the vehicle that could show that they were unfit for their ordinary purpose.

   b. Privity

MBUSA argues that Plaintiff's breach of implied warranty claim should be dismissed because Plaintiff is not in vertical privity with MBUSA, a car manufacturer who did not directly sell the vehicle to her. (Doc. No. 8-1 at 24.) MBUSA limits this argument to Count IV of Plaintiff's complaint, the breach of implied warranty claim brought under California Commercial Code § 2314. (Doc. No. 18 at 14.)

To state a claim under California Commercial Code § 2314, the plaintiff "must stand in vertical contractual privity with the defendant." Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1023 (9th Cir. 2008). California, however, has recognized an exception to the vertical privity requirement where the plaintiff consumer is an intended third-party beneficiary of the contract for sale of a good between a manufacturer and a dealer. See Gilbert Fin. Corp. v. Steelform Contracting Co., 82 Cal. App. 3d 65, 69–70, 145 Cal. Rptr. 448 (Cal. Ct. App. 1978) (finding that consumer could sue subcontractor for breach of implied warranty as a third-party beneficiary of subcontractor's implied warranty to general contractor). In Toyota Motor Corp., the court concluded that plaintiffs were the intended beneficiaries of any implied warranty of merchantability between Toyota and its auto dealers because Toyota intended for the dealers to sell its cars to consumers. 890 F. Supp. 2d 1210, 1222 (C.D. Cal. Sept. 12, 2011). And in MyFord Touch Consumer Litigation, the court concluded the third-party beneficiary exception set out in Gilbert "remains viable under California law." 291 F. Supp. 3d at 984 (finding third-party beneficiary exception to privity requirement applied to plaintiff who purchased a car from a dealership and subsequently brought suit against the manufacturer for a defect).

Plaintiff concedes that she is not in vertical privity with MBUSA but argues that a third-party beneficiary exception applies because she was the intended beneficiary of an implied warranty between MBUSA and its authorized dealers. (Doc. No. 17 at 23–24.) MBUSA responds that the Ninth Circuit's decision in Clemens v. DaimlerChrysler Corporation forecloses a third-party beneficiary exception. (Doc. No. 18 at 14.) But the third-party beneficiary is cognizable under California law and Clemens does not state

otherwise. See MyFord Touch, 291 F. Supp. 3d at 1222 (noting the Clemens decision does not address Gilbert or the third-party beneficiary exception). The Court concludes that there is an issue of fact as to whether Plaintiff was an intended beneficiary of the implied warranty between MBUSA and its dealers such that the third-party beneficiary exception would apply. Accordingly, the Court denies the motion to dismiss as to the breach of implied warranty claim.

### D. Breach of Express Warranty

MBUSA argues that Plaintiff's express warranty claim must be dismissed because her description of the terms of the warranty is inaccurate. (Doc. No. 8-1 at 21; Doc. No. 18 at 13.) MBUSA also asserts the claim should be dismissed because Plaintiff did not allege that a dealership determined "repair or replacement was necessary" and because the express warranty does not cover damage to tires resulting from "pothole impact, curb impact, or from other objects/road hazards." (Doc. No. 8-1 at 22.) Finally, MBUSA asserts that the express warranty claim and the UCL claim should be dismissed because the express warranty disclaims design defects. (Doc. No. 8-1 at 23.) All of these arguments rely on factual assertions derived from documents the Court has declined to take judicial notice of. See infra Section II.G. These factual assertions are contrary to the allegations in the complaint and are better suited to consider on a motion for summary judgment.[1] Intri-Plex Tech., Inc. v Crest Grp., Inc., 499 F.3d 1048, 1052 (9th Cir. 2007); Los Angeles Lakers, 869 F.3d at 800. Accordingly, the Court denies the motion to dismiss as to the breach of express warranty claim.

---

[1] In addition to improperly introducing facts outside the complaint, MBUSA's arguments repeatedly ignore the commonsense import of Plaintiff's allegations. Plaintiff did, in fact, allege that she took her vehicle to an authorized dealership at least six times and her tire was replaced at least one time. (Compl. ¶ 44, 41.) She also does not allege her tires were damaged by impact or road hazards. Rather, she alleges the tires inexplicably blew out, bubbled along the side wall, and failed to hold air. (Compl. ¶¶ 37-43.) Finally, the Court notes that Plaintiff did not specifically allege a design defect in her complaint, rather, Plaintiff has alleged "symptoms that may be attributable to material or workmanship defects." Falk v. Nissan N. Am., Inc., 2018 WL 2234303, at *2 (N.D. Cal. May 16, 2018).

E. Equitable Claims

MBUSA argues that Plaintiff's UCL and unjust enrichment claims must be dismissed pursuant to Ninth Circuit precedent in Sonner v. Premier Nutrition Corporation[2] because Plaintiff fails to plead a lack of an adequate remedy at law. (Doc. No. 8-1 at 25.) Plaintiff argues that the determination of whether Plaintiff lacks an adequate remedy at law need not be decided at the pleadings stage. (Doc. No. 17 at 28.) MBUSA responds that Plaintiff's complaint contains no allegations that would entitle her to equitable relief. (Doc. No. 18 at 15.)

"In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1313 (9th Cir. 2022) (citing Sonner, 971 F.3d at 843–844). A party must establish that they lack an adequate remedy at law before a federal court may make a determination on the merits as to an equitable claim for restitution. Sonner, 971 F.3d at 844.

It is also true, however, that a party may plead legal and equitable claims in the alternative. Fed. R. Civ. P. 8(d)(2); see also Lopez v. Abbot Labs., 2023 WL 2656627, at *4 (S.D. Cal. Mar. 27, 2023). Sonner does not hold otherwise, nor does it mandate that district courts dismiss claims for equitable relief at the pleadings stage. See Murphy v. Olly Public Benefit Corp., 651 F. Supp. 3d 1111, 1129 (N.D. Cal. 2023) ("A number of district court cases since Sonner have concluded that it has minimal application at the pleading stage." (collecting cases)). Indeed, legal remedies may later prove to be inadequate after the benefit of discovery. Eason v. Roman Catholic Bishop of San Diego, 424 F. Supp. 3d 1276, 1282 (S.D. Cal. 2019).

Here, Plaintiff seeks prospective injunctive relief via its UCL claim and restitution via its unjust enrichment claim. (Compl. ¶¶ 173, 209.) Plaintiff alleges that MBUSA has yet to issue a recall for the defect at issue and that MBUSA was unjustly enriched from

---

[2] 971 F.3d 834, 844 (9th Cir. 2020).

concealing the defect, necessitating the requested equitable relief. (Compl. ¶¶ 31, 205–206.) This is sufficient at the pleadings stage. See Lopez, 2023 WL 2656627, at *4; Souter v. Edgewell Personal Care Co., 2022 WL 485000, at *13 (S.D. Cal. Feb. 16, 2022). MBUSA's contention that equitable relief is precluded here is better suited on a motion for summary judgment, when the Court and the parties will have the benefit of discovery. Accordingly, the Court denies the motion to dismiss as to Plaintiff's claims for equitable relief.

### F. Unjust Enrichment Claim

MBUSA argues that Plaintiff's unjust enrichment claim must be dismissed because Plaintiff has pled the existence of an express contract. (Doc. No. 8-1 at 27.) Plaintiff argues that they are permitted to plead an unjust enrichment claim in the alternative to their breach of contract claims. (Doc. No. 17 at 30.) Generally, a party "may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d). The Court therefore declines at this stage of the litigation to dismiss Plaintiff's unjust enrichment claim.

### G. Judicial Notice

Finally, in conjunction with its motion to dismiss, MBUSA requests that the Court take judicial notice of a 2022 New Vehicle Limited Warranty ("NVLW"). (Doc. No. 8-2 at 2.) MBUSA claims the NVLW is applicable to the vehicle at issue. Id. Plaintiff disputes the authenticity of the NVLW. (Doc. No. 17 at 19–21.) MBUSA, in its reply in support of its motion to dismiss, also requests that the Court take judicial notice of the Operator's Manual for Mercedes-Benz S-Class vehicles. (Doc. No. 18-1 at 2–3.) Plaintiff argues that judicial notice of the Operator's Manual would be improper because it is not incorporated into the complaint and because the accuracy of its content is reasonably subject to dispute. (Doc. No. 20 at 4–6.)

In general, the scope of review on a motion to dismiss for failure to state a claim is limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th

1    Cir. 2007). Federal Rule of Evidence 201 allows a court to take judicial notice of facts that
2    are either "(1) generally known within the territorial jurisdiction of the trial court; or (2)
3    capable of accurate and ready determination by resort to sources whose accuracy cannot
4    reasonably be questioned." Fed. R. Evid. 201(b). The Court may also consider additional
5    documents under the "incorporation by reference" doctrine so long as "the plaintiff's claim
6    depends on the contents of a document, the defendant attaches the document to its motion
7    to dismiss, and the parties do not dispute the authenticity of the document, even though the
8    plaintiff does not explicitly allege the contents of that document in the complaint." Knievel
9    v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

10   　　　While Plaintiff's claims are based on the existence of an express warranty between
11   Plaintiff and MBUSA, Plaintiff disputes the authenticity of the specific NVLW attached to
12   MBUSA's motion to dismiss. (Doc. No. 17 at 19-20.) The NVLW in question is not
13   signed and does not otherwise contain information to allow the Court to conclude that it
14   was applicable to Plaintiff's vehicle beyond MBUSA's own assertion. (Doc. No. 8-3.)
15   Further, the NVLW states that it applies to model year 2022 vehicles, whereas Plaintiff
16   alleges her vehicle was of model year 2023. (Id.; Compl. ¶ 33.)

17   　　　The Operator's Manual is not incorporated in Plaintiff's complaint. Plaintiff does
18   not refer to the content of the Operator's Manual in the complaint and it does not form the
19   basis of the Plaintiff's claims. Further, MBUSA makes no showing that the accuracy of
20   the Operator's Manual cannot be reasonably questioned beyond its own conclusory
21   assertions. Accordingly, the Court denies MBUSA's request to take judicial notice of the
22   NVLW and the Operator's Manual and has not considered factual assertions that MBUSA
23   has made regarding their contents.
24   //
25   //
26   //
27   //
28   //

## Conclusion

For the reasons above, the Court denies MBUSA's motion to dismiss. Accordingly, MBUSA is ordered to file an answer to the complaint within **thirty (30) days** of this order.

**IT IS SO ORDERED.**

DATED: December 6, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT