UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASHID WADEEA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Corporation,<br><br>Defendant. | Case No.: 24-cv-1587-H-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL and SETTING FURTHER DISCOVERY CONFERENCE**<br><br>**[Dkt. Nos. 40, 41]** |

Before the Court are Plaintiff and Defendant's respective motions to compel further discovery responses. Dkt. Nos. 40, 41. The Court held a motion hearing on July 18, 2025. Dkt. No. 44. Having considered the parties' briefing and the arguments of counsel at the July 18 hearing, and for the reasons stated on the record and set forth below, the Court **GRANTS IN PART and DENIES IN PART** both motions and **ORDERS** as follows:

A. **Defendant's Motion to Compel** (Dkt. No. 40)

1. The Court GRANTS IN PART Defendant's motion to compel a further response to Interrogatory No. 1. As discussed on the record, Plaintiff shall supplement her response to Interrogatory No. 1 by describing what happened, as understood by Plaintiff, during the alleged tire incidents on May 21, 2025 and June 22, 2025. Plaintiff's responses for all other alleged incidents contain sufficient detail.

2. The Court GRANTS Defendant's motion to compel further responses to Interrogatory Nos. 10 and 11. As discussed on the record, Plaintiff has "an obligation to respond . . . to the fullest extent possible based on the information she had at the time the responses were due, even though she intended to supplement them later with information compiled by experts." *Kilby v. CVS Pharmacy, Inc.*, No. 09CV2051-MMA(KSC), 2019 WL 977874, at *4 (S.D. Cal. Feb. 28, 2019). Accordingly, Plaintiff must provide to Defendant the facts known to her that are responsive to these interrogatories.

3. The Court GRANTS IN PART Defendant's motion to compel a further response to Interrogatory No. 16. This interrogatory calls mostly for information that the Court would find protected by the attorney-client privilege or work product doctrine. However, Plaintiff shall respond with the facts concerning her individual efforts—before retaining counsel—to investigate the cause of the alleged tire defect.

B. **Plaintiff's Motion to Compel** (Dkt. No. 41)

4. The Court GRANTS Plaintiff's motion to compel further responses to Interrogatory Nos. 3, 4, 19, and 20. Defendant shall respond to these interrogatories "to the fullest extent possible" based on the information it currently possesses. *Id.* at *4. Both parties are aware of their duty to supplement discovery responses based on additional information not currently known to the responding party, *e.g.*, additional information obtained through discovery. S*ee* Fed. R. Civ. P. 26(e)(1)(A).

5. The Court DENIES Plaintiff's motion to compel further responses to Interrogatory Nos. 7 and 22 for the reasons stated on the record.

6. The Court DENIES Plaintiff's motion to compel further responses to Request for Production Nos. 16, 17 and 88 for the reasons stated on the record.

7. The Court GRANTS IN PART Plaintiff's motion to compel a further response to Request for Production No. 27. Defendant shall produce any agreement(s)

between Defendant and Mercedes Benz of El Cajon ("dealer) that contain an indemnification provision or a provision requiring the dealer to cooperate with Defendant in any litigation.

8. The Court GRANTS IN PART Plaintiff's motion to compel Defendant to utilize additional search terms in locating potentially responsive documents. "[T]he allegations in a complaint generally dictate what evidence is discoverable." *Trabulsi v. Wells Fargo Bank, Nat'l Ass'n*, No. 8:17-cv-2088-JLS-SK, 2018 WL 6444892, at *1 (C.D. Cal., Aug. 21, 2018) (*citing Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations.")). As noted at the July 18 hearing, the parties' briefing did not include the specific requests for production as to which the proposed search terms apply. Based on the allegations in Plaintiff's complaint, the Court finds that, for purposes of discovery, the utilization of the disputed terms "wheel OR rim" in searching for documents is both relevant and proportional to the needs of the case; however, Defendant shall not use any of the other disputed terms. *See* Dkt. No. 42 at 10, lines 16-28. Defendant shall review the documents identified through these search terms and shall produce non-privileged documents that are responsive to Plaintiff's requests for production. *See SinglePoint Direct Solar LLC v. Solar Integrated Roofing Corp.*, No. CV-21-01076-PHX-JAT, 2023 WL 2585296, at *3 (D. Ariz. Mar. 21, 2023) ("by running a relevant search term, the responding party does not waive relevance objections to the documents responsive to the search term"). The Court's directive to utilize the search terms "wheel OR rim" does not mean, of course, that any responsive documents will be admissible. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible to be discoverable.").

9. The Court DENIES Plaintiff's motion to compel Defendant to utilize additional

custodians in its document collection. "[A]bsent agreement among the parties, the party who will be responding to discovery requests is entitled to select the custodians it deems most likely to possess responsive information and to search the files of those individuals." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2018 WL 1440923, at *2 (D. Kan. Mar. 15, 2018). "Nothing in Rule 34 requires a requesting party to identify custodians or search terms or for a producing party to accede to demands that particular custodians' files be searched or that particular search terms be used." *Hastings v. Ford Motor Co.*, No. 19-CV-2217-BAS-MDD, 2021 WL 1238870, at *2 (S.D. Cal. Apr. 2, 2021). The record indicates that Defendant considered the additional custodians proposed by Plaintiff and ultimately elected to utilize the custodians Defendant deemed most likely to possess information responsive to Plaintiff's requests for production.

10. Both parties must substantially complete their document production by not later than August 6, 2025. Dkt. No. 28 at 2. As discussed at the July 18 hearing, the Court expects both parties to take all reasonable steps to produce all responsive documents by August 6. The Court DENIES Plaintiff's motion to require MBUSA to complete its document production by an earlier date.

11. Both parties must serve supplemental interrogatory responses as required by this Order by not later than August 6, 2025.

///
///
///

### C. Third-Party Subpoenas

12. The parties shall meet and confer forthwith regarding their dispute as to third-party subpoenas. By not later than **July 25, 2025**, the parties shall file a joint status report attaching every outstanding third-party subpoena and describing the parties' progress toward compliance with each subpoena.

13. The Court sets a further discovery conference on **July 29, 2025 at 11:00 a.m.** by Zoom to discuss the contents of the joint status report. Appearances may be made using the following credentials:

Meeting ID: 161 609 6133

Passcode: 402614

**IT IS SO ORDERED.**

Dated: July 21, 2025

_____
Hon. David D. Leshner
United States Magistrate Judge