UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASHID WADEEA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Corporation,<br><br>Defendant. | Case No.: 24-cv-1587-H-DDL<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ISSUANCE OF LETTERS ROGATORY**<br><br>**[Dkt. No. 49]** |

Plaintiff moves for the issuance of letters rogatory directed to the appropriate judicial authority of Germany requesting production of documents from third party Mercedes-Benz Group AG ("Mercedes Germany"). Dkt. No. 49 ("Mot."). Plaintiff argues this discovery is necessary because Mercedes Germany has possession, custody, or control over documents necessary to prove her design defect and fraud claims. *Id.* at 2. Defendant Mercedes-Benz USA, LLC ("MBUSA") opposes the motion as untimely, procedurally improper, and undermined by the comity analysis set forth in *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544 (1987). Dkt. No. 59 ("Opp'n"). The Court concludes that although Plaintiff's motion is timely and procedurally proper, it is also futile considering the requirements of the Hague Evidence Convention as it has been implemented in Germany. Accordingly, the Court **DENIES** the motion without prejudice.

# I.

# BACKGROUND

### A.     The Underlying Action

Plaintiff brings this action against MBUSA on behalf of persons who purchased Mercedes-Benz S-Class vehicles of model years 2021 through 2024 (the "Class Vehicles") in California. Dkt. No. 1-2 ¶ 1 ("Compl."). "The Class Vehicles suffer from a defect affecting the 21-inch AMG wheels that causes the tires to bubble along the sidewall, leak air, and blow out while driving." Dkt. No. 21 (citing Compl. ¶¶ 34, 37-43). Plaintiff purchased a 2023 S-Class vehicle on October 29, 2022. Compl. ¶ 33. Over the next six months, Plaintiff brought her vehicle to authorized dealerships for repairs due to problems caused by the defect at least six times. *Id.* ¶ 37-44. Plaintiff's vehicle was never adequately repaired or replaced, and she does not believe her vehicle is safe for normal operation. *Id.* ¶¶ 44-45, 130. Additionally, "[b]eginning in mid-2022, consumers complained about the defect affecting the Class Vehicles on internet forums and social media accounts monitored by MBUSA." Dkt. No. 21 (citing Compl. ¶¶ 74-75). Plaintiff alleges claims for: (1) violations of California's Song-Beverly Consumer Warranty Act; (2) violations of California's Unfair Competition Law; (3) breach of express warranty; (4) breach of implied warranty; (5) unjust enrichment; and (6) fraudulent concealment. *Id.* ¶¶ 128-222.

### B.     The Discovery Dispute

Plaintiff moves for the issuance of letters rogatory to discover information in Mercedes Germany's possession. Mot. at 3. Plaintiff notes Mercedes Germany "is the designer and manufacturer of the Class Vehicles, and distributed the Class Vehicles to and through MBUSA, and therefore has valuable communications, documents, and evidence regarding the claims in Plaintiff's Complaint." *Id.* Plaintiff points to several things uncovered during discovery as evidence: MBUSA produced documents referencing Mercedes Germany; MBUSA produced emails showing it communicates, or has access to emails with, Mercedes Germany; and MBUSA objected to several of Plaintiff's discovery requests "on the basis that it does not develop, design, test, analyze, produce or

manufacture Mercedes-Benz vehicles or their component parts; nor does it interact with suppliers." *Id.* at 5-6. Plaintiff further argues the five-factor comity analysis weighs in favor of issuing the letters rogatory. Dkt. No. 76 ("Reply") at 8-9.

Defendant argues the motion is procedurally improper, untimely, and unreasonable. First, Defendant contends that neither the Federal Rules of Civil Procedure nor the statutes Plaintiff cites provide a basis for issuing letters rogatory. Opp'n at 11-12. Second, Defendant contends Plaintiff has known of the need to seek discovery in Germany for at least six months (when MBUSA answered the Complaint and denied that it manufactured or designed the Class Vehicles), and likely even before then (when Plaintiff purchased the car in October 2022 and received multiple indicia that Mercedes Germany designed and manufactured the vehicle). *Id.* at 8-10. By waiting until three months before the close of fact discovery to file a motion for letters rogatory—the response to which may take more than six months—Plaintiff has failed to exercise diligence. *Id.* at 8. And third, Defendant contends all five comity factors weigh against issuing the letters rogatory. *Id.* at 11-12.

## II.

## **LEGAL STANDARDS**

"A letter rogatory is a formal written request sent by a court to a foreign court for the purpose of obtaining evidence, including depositions and documents, in a pending action." *Scalia v. Int'l Longshore & Warehouse Union*, 337 F.R.D. 281, 287 (N.D. Cal. 2020) (citing *Optrics, Inc. v. Barracuda Networks, Inc.*, No. 17-cv-04977-RS (TSH), 2019 WL 5485890, at *1 (N.D. Cal. Oct. 25, 2019) ("Parties may use letters rogatory to take evidence from a specific person within the foreign jurisdiction, including requests for production of documents.")); *see also* Fed. R. Civ. P. 28(b)(1)(B) (providing for the taking of foreign depositions through letters rogatory).[1]

---

[1]   All citations, subsequent history, and parallel reporter citations are omitted unless otherwise noted. In direct quotes, all internal quotation marks, brackets, ellipses and footnotes are omitted, and all emphasis is added, unless otherwise noted.

1 | The issuance of a letter rogatory is a matter within both the authority and the discretion of the Court. *See Scalia*, 337 F.R.D. at 288; 28 U.S.C. § 1781(a)(2). When determining whether to exercise its discretion, the Court applies "Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure." *Scalia*, 337 F.R.D. at 288; *Evanston Ins. Co. v. OEA, Inc.*, No. CIVS-021505DFLPAN, 2006 WL 1652315, at *2 (E.D. Cal. June 13, 2006) (Rule 28(b) "must be read together" with Rule 26(c) in determining whether to issue letters rogatory)).

Rule 26 provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The scope of discovery under the Federal Rules applies equally to parties and nonparties. *See* Fed. R. Civ. P. 45, advisory committee notes to 1991 amendment, subdivision (a) ("The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34.").

In addition to determining whether the requested discovery falls within the bounds of Rule 26, the Court "can also consider a five-factor comity analysis." *Walther-Meade v. Leidos, Inc.*, No. 22CV1777-JAH(BLM), 2023 WL 3224960, at *4 (S.D. Cal. May 3, 2023). The five comity factors are:

> 1. The importance to the...litigation of the of the documents or other information requested;
> 2. The degree of specificity of the request;
> 3. Whether the information originated in the United States;
> 4. The availability of alternative means of securing the information;
> 5. The extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Societe Nationale*, 482 U.S. at 544.

"Discovery through the use of letters rogatory is consistent with the liberal discovery provisions of Rule 26." *Viasat, Inc. v. Space Sys./loral, Inc.*, No. 12-CV-0260-H (WVG), 2013 WL 12061801, at *3 (S.D. Cal. Jan. 14, 2013). "No higher standard is necessary for the issuance of letters rogatory than that needed for discovery upon a domestic company." *Id.* Thus, parties "opposing the issuance of letters rogatory must show good reason for a court to deny the application." *Id.* "[S]ome courts have gone so far as to hold that the party opposing issuance of a letter rogatory must establish good cause for the denial." *Evanston Ins. Co.*, 2006 WL 1652315, at *2.

## III.

## DISCUSSION

The Court briefly discusses its findings that Plaintiff's request is procedurally proper and timely. But it does not reach the comity analysis because Plaintiff's motion is futile; she seeks discovery that Germany will not provide under the Hague Convention.

### A. Plaintiff's request is procedurally proper.

Plaintiff may seek letters rogatory to request documents be produced by Mercedes Germany. The Hague Convention prescribes the issuance of "a formal written request sent by a [domestic] court to a foreign court for the purpose of obtaining evidence . . . in a pending action." *Scalia*, 337 F.R.D. at 287. Signatory nations agree that "a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence," and further agree to receive and act upon such written requests for evidence from foreign courts. Hague Convention, art. 1 & 2. And as discussed above, letters rogatory "can also include requests for the production of documents." *Dish Network, L.L.C. v. Jadoo TV, Inc.*, No. 20-CV-01891-CRB(LB), 2020 WL 6528425, at *2 (N.D. Cal. June 29, 2020); *Optrics, Inc.*, 2019 WL 5485890, at *1.

### B. Plaintiff exercised sufficient diligence in moving for letters rogatory.

Defendants argue Plaintiff's request should be denied because it "would cause an inherent delay that would prejudice the opposing party." Opp'n at 8 (quoting *Cordeiro v.*

*Alves*, No. 1:16-CV-23233-UU, 2017 WL 3099086, at *1 (S.D. Fla. Apr. 7, 2017)). According to Defendants, Plaintiff would have known of the need to seek discovery from Mercedes Germany "at the latest with the filing of MBUSA's Answer to the Complaint on January 3, 2025." Opp'n at 9 (citing Dkt. No. 22 ¶ 35, 63 ("MBUSA denies that it manufactured plaintiff's vehicle" and "further denies that it designed [the vehicle]")). And Defendant argues Plaintiff should have known even earlier. First, the vehicle operator's manual, which Plaintiff had since October 2022, identifies the manufacturer as Mercedes Germany. Dkt. No. 49-4 at 3. Second, Defendant filed a notice of related case where the plaintiff alleged Mercedes Germany "designs, manufactures, and distributes automobiles" and is the parent company for MBUSA. *Chappell v. Mercedes-Benz USA, LLC*, 24-cv-1989-TWT, Dkt. No. 1 (N.D. Ga. May 7, 2024). And third, another case noted it was "well taken" that "the Vehicle Identification label located in the driver's door jamb clearly identifies [Mercedes Germany] in Stuttgart, Germany, as does the vehicle's Operators Manual." *Bell v. Mercedes-Benz USA, LLC*, No. 2:24-CV-01894-JLS-BFM, 2025 WL 1712358, at *3 (C.D. Cal. Mar. 24, 2025).

  Even crediting each of Defendant's points, the Court finds Plaintiff acted with sufficient diligence. Plaintiff served written discovery requests on MBUSA on March 4, 2025, one day after the Early Neutral Evaluation. Dkt. No. 49-1 ("Ibey Decl.") ¶ 15. After Plaintiff afforded an extension to MBUSA, MBUSA responded on May 5, 2025. *Id.* Over the next two months, Plaintiff researched the process to serve a subpoena through the Hague Convention, drafted the subpoena with input from an experienced process server, served on defense counsel a notice of intent to serve the subpoena, met and conferred with defense counsel about the subpoena, and filed the instant motion. *Id.* Even before the undersigned *sua sponte* amended the scheduling order, Plaintiff's motion was filed with nearly three months left of fact discovery. These facts are unlike the ones in cases cited by MBUSA where the moving parties inexplicably wasted months, or even years, and moved for letters rogatory with only weeks left in the fact discovery period. *Cf. Durr Sys., Inc. v. Nevoa Life Scis. Holdings, Inc.*, No. CV 23-529-JLH, 2024 WL 4534211, at *4 (D. Del.

Apr. 24, 2024)[2] ("Even under the most favorable circumstances, it is unlikely that discovery from a foreign entity could have been obtained under the Hague Convention prior to the fact discovery cutoff in this case."). Plaintiff argues her actions "align with the requirement to exhaust less intrusive means before invoking international mechanisms," here by attempting first to obtain the requested information from MBUSA through Rule 34. Reply at 4. The Court agrees, and concludes that her actions do not constitute a lack of diligence.

### C. Plaintiff's motion seeks discovery that Germany will not provide.

But Plaintiff's "proposed letter of request does not comply with the requirements of the Hague Evidence Convention as it has been implemented in Germany." *Valeo Schalter und Sensoren GmbH v. NVIDIA Corp.*, No. 23-CV-05721-EKL (VKD), 2025 WL 68136, at *4 (N.D. Cal. Jan. 10, 2025). As the *Valeo Schalter* court noted, Germany's declaration regarding its implementation of the Hague Convention states that a letter rogatory shall issue "for the purpose of obtaining pre-trial discovery of documents" only if the documents requested are, in relevant part, "described separately in detail" and "in the possession of a party to the proceedings." *Id.* (citing Declarations and Reservations, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=502&disp=resdn); *see also St. Jude Medical S.C., Inc. v. Janssen-Counnote*, 104 F. Supp. 3d 1150, 1168 (D. Or. 2015) ("Under Article 23 of the Convention, Germany has flatly stated that 'it will not, in its territory, execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries.'"). Mercedes Germany is not a party to this action. Nor are the documents

---

[2]     Plaintiff cited this case at the August 19 hearing for the proposition that letters rogatory may appropriately issue to Germany under the Hague Convention. Although the *Durr Systems* court did grant in part the motion to issue letters rogatory to Germany, neither the opposing party nor the court in that case raised the futility issue. Additionally, the Court's review of the docket suggests that, for other reasons, the letters rogatory were never served. *See Durr Systems,* 23-cv-529-JLH, Dkt. No. 97 ("IT IS ORDERED that Defendant's request for the court to serve the letters rogatory on the foreign tribunal is DENIED. . . .").

Plaintiff seeks "described separately in detail;" rather, "categories of documents that may exist are described collectively." *Valeo Schalter*, 2025 WL 68136, at *4. Therefore, Plaintiff's motion must be denied because it does not comply with the requirements of the Hague Convention. *Accord St. Jude*, 104 F. Supp. 3d at 1168 ("if a request under the Convention is likely to be fruitless, this factor counsels against requiring compliance with the Convention") (citing *Richmark Corp*, 959 F.2d at 1478)).

## IV.
## CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's motion for issuance of letters rogatory without prejudice. Plaintiff may refile the motion should Judge Huff's ruling on Plaintiff's motion for leave to amend (Dkt. No. 72) change the futility analysis.

Dated: August 21, 2025

_____
Hon. David D. Leshner
United States Magistrate Judge