UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MASHID WADEEA, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

MERCEDES-BENZ USA, LLC, a Delaware Corporation,

Defendant.

Case No.:  24-cv-1587-H-DDL

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

**[Dkt. No. 95]**

Defendant Mercedes-Benz USA, LLC ("MBUSA") moves for a protective order limiting the topics in Plaintiff Mashid Wadeea's deposition notice under Federal Rule of Civil Procedure 30(b)(6).  The Court has considered the parties' briefing and counsel's arguments at the September 18, 2025 motion hearing.  For the reasons set forth below and at the September 18 hearing, the Court grants in part and denies in part the motion.

/ / /

/ / /

/ / /

/ / /

1

**LEGAL STANDARDS**

2       "The court may, for good cause, issue an order to protect a party or person from

3   annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.

4   26(c)(1). "The burden is upon the party seeking the order to 'show good cause' by

5   demonstrating harm or prejudice that will result from the discovery." *Ribera v. NIBCO,*

6   *Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

7       Rule 30(b)(6) "imposes reciprocal obligations on proponent and deponent: the

8   proponent must specify which subject matters it intends to inquire into, and the deponent

9   must take affirmative steps to learn about those topics." *Coppel v. Sea World Parks &*

10  *Ent., Inc.*, No. 21-CV-1430-RSH-DDL, 2024 WL 4472352, at *6 (S.D. Cal. Aug. 19,

11  2024). The party noticing the deposition must describe "with reasonable particularity" the

12  matters upon which the organization will be asked to testify. *Id.* (quoting Fed. R. Civ. P.

13  30(b)(6)). "For Rule 30(b)(6) to 'effectively function, the requesting party must take care

14  to designate, with painstaking specificity, the particular subject areas that are intended to

15  be questioned, and that are relevant to the issues in dispute.'" *Coppel*, 2024 WL 4472352,

16  at *6 (quoting *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 661 (D. Or. 2015)).

17  "[C]ourts have repeatedly emphasized the practical constraints on the scope of a Rule

18  30(b)(6) deposition in that it is not feasible for a Rule 30(b)(6) witness to know the intimate

19  details of everything." *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 107 (D. Nev. 2023),

20  aff'd sub nom. *Alvarado-Herrera v. Acuity A Mut. Ins. Co.*, No. 222CV00438CDSNJK,

21  2023 WL 5035323 (D. Nev. Aug. 4, 2023) (citation omitted); see also *Apple v. Samsung*

22  *Elecs. Co.*, No. C 11-1846 LHK PSG, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012)

23  (229-topic 30(b)(6) notice "render[s] unworkable the obligation of the responding party to

24  make a conscientious, good-faith effort to designate knowledgeable persons . . . and to

25  prepare them to fully and unevasively answer questions about the designated subject

26  matter").

27  / / /

28  / / /

**DISCUSSION**

Wadeea's Rule 30(b)(6) deposition notice contains 47 topics, 41 of which are disputed.  Dkt. No. 118-2.  The 6 undisputed topics include the deponent's background (Topic 1), three topics that Wadeea agreed to limit as proposed by MBUSA (Topics 37, 38, 44) and two topics Wadeea agreed to withdraw (Topics 9, 42).  *Id.*

Notwithstanding the parties' representation that they engaged in a fulsome meet and confer process regarding the deposition topics, their inability to agree on the remaining 41 topics (*i.e.*, 87%) strongly suggests otherwise.  And over the course of the September 18 hearing, it was apparent to the Court that the parties are unable or unwilling to engage with each other in the constructive manner that the District's Local Rules and the undersigned's Chambers Rules require.  *See* Civil Local Rules 2.1 and 26.1; Chambers Rules for the Honorable David D. Leshner, § III.A.  The Court will address those shortcomings in a separate order.

At the September 18 hearing, the Court provided tentative rulings with respect to all 41 disputed topics.   An overarching issue is MBUSA's assertion that it does not possess responsive information with respect to 28 disputed topics either because the information does not exist or because the information is not within its knowledge (although it has agreed to produce a witness as to certain aspects of some of those topics).  Dkt. No. 118-2 (Topics 3, 10-28, 31-35, 40, 41, 46).  MBUSA correctly points out that Rule 30(b)(6) "does not require one entity which is not under the control of a second entity to inquire into and testify as to the knowledge of the second entity." *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018).  And it makes sense that a Rule 30(b)(6) topic seeking nonexistent information "would be an exercise in futility resulting in waste of time, effort, money, and resources." *Jones v. Hernandez*, No. 16-CV-1986-W(WVG), 2018 WL 539082, at *4 (S.D. Cal. Jan. 23, 2018), objections overruled, No. 16-CV-1986 W (WVG), 2018 WL 1981207 (S.D. Cal. Apr. 27, 2018).  But neither *Luken* nor *Jones* supports MBUSA's refusal to designate a witness on the topics under the circumstances presented here.

In *Luken* the plaintiff sought to compel two entities, CGI and the Christensen Trust, "to answer questions that largely have to do with the inner workings of CSL," a third entity. *Luken*, 2018 WL 1994121, at *3. As such, the *Luken* court declined to "require CGI and the Christensen Trust's designees to familiarize themselves with the broad range of topics contained in Luken's 30(b)(6) notices that are unrelated to those organizations." *Id.* The disputed topic in *Jones* sought information about Border Patrol "agents' completion of various investigation reports," but the plaintiff had "deposed various agents on their practices," and the defendants represented "that no written policies are known to exist." *Jones*, 2018 WL 539082, at *4. The court found a deposition on the topic of policies "would be an exercise in futility" given "the depositions of individual agents, and accepting Defendants' representation that known written policies do not exist." *Id.*

Here, unlike *Luken*, Wadeea's Rule 30(b)(6) notice does not, on its face, seek to require MBUSA to testify about the inner workings of another entity. Nor does the current record demonstrate that Wadeea is able to depose individuals on the disputed topics as was the case in *Jones*. For example, Topic 10 seeks, in part, "[i]nformation within the possession, custody or control of [MBUSA], or its subsidiaries and agents, relating to the design, development and manufacture of class vehicles." Dkt. No. 118-2 at 9. This topic is broad, and it might not otherwise withstand scrutiny given that Rule 30(b)(6) does not require a responding party to prepare a witness "on every facet of the litigation." *Apple Inc.*, 2012 WL 1511901, at *2. But MBUSA instead argues that because it "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," it does not have responsive information and "will not designate a witness on that basis." Dkt. No. 118-2 at 9. Simply because MBUSA did not design or produce the Class Vehicles does not mean it necessarily lacks information on this topic. Moreover, the record does not contain evidence, whether in the form of a declaration or a verified discovery response, showing that MBUSA does not possess responsive information or that any responsive information would be so diffuse within MBUSA as to render it unduly burdensome to prepare a witness to testify. Accordingly, as stated at the

September 18 motion hearing, the Court denies MBUSA's motion for a protective order insofar as it seeks to preclude any inquiry on these topics in their entirety. If MBUSA determines that it does not possess responsive information or that any such information is so scattered within MBUSA that it cannot reasonably collect it for a deponent to review, then the witness may so testify under oath subject to targeted follow-up questioning by Wadeea's counsel.

Exhibit A contains the parties' chart (Dkt. No. 118-2) with the disputed Rule 30(b)(6) topics, the parties' respective positions and the Court's ruling on each topic. As discussed at the September 18 hearing, MBUSA shall determine its designee for each topic as to which its motion is denied and shall be prepared to identify its designee(s) at the September 25 status conference. The parties also shall meet and confer prior to September 25 regarding the Rule 30(b)(6) deposition logistics, including the date and location. If the parties cannot agree on the logistics, the Court will issue an appropriate order on September 25.

**IT IS SO ORDERED.**

Dated: September 22, 2025

_____
Hon. David D. Leshner
United States Magistrate Judge

24-cv-1587-H-DDL

Exhibit A

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| **Topic 1:** The deponents' current job title, duties and responsibilities, reporting employees, employees to whom they report, and Curriculum Vitae. | While MBUSA objects to these Topics as inappropriate for a Rule 30(b)(6) deposition of a corporate entity, as they are better suited for depositions of individuals under Rule 30(b)(1), MBUSA will designate a witness to testify about Topic 1. | Undisputed. | Denied as moot. |
| **Topic 2:** Mercedes-Benz USA, LLC's corporate structure, including the divisions/departments and identity of employees within Defendant responsible for: (a) designing, testing, producing, manufacturing, servicing, advertising, marketing, and selling the Class Vehicles, including the Tires and Wheels; (b) investigating TIRE OR WHEEL ISSUES in Class Vehicles, including receiving and responding to consumer complaints, whether made directly to Defendant or in the public domain (and known to Defendant), regarding the Tires or Wheels in Class Vehicles; (c) communicating with Authorized Dealerships and Government Agencies regarding TIRE OR WHEEL ISSUES for Class Vehicles and Warranty claims or coverage for replacing and/or repairing the Tires | Corporate structure is, at most, minimally relevant to the claims in this case (particularly as document production is substantially complete) (*Sheikh v. Spinnaker Ins. Co.*, 2025 U.S. Dist. LEXIS 121834, at *9 (E.D. Cal. June 24, 2025); *see also Harris v. Best Buy Stores, L.P.*, 2015 U.S. Dist. LEXIS 141303, at *13 (N.D. Cal. Oct. 16, 2015) (denying plaintiff's request to compel corporate testimony on corporate structure, holding "filing a lawsuit does not empower Plaintiff to embark on a fishing expedition")), there exists a large burden when preparing a Rule 30(b)(6) deponent to answer questions about corporate structure, MBUSA does not | In addition to the issue of MBUSA's claimed ignorance not excusing it from its discovery obligations as a party to this lawsuit (*see* Plaintiff's Opp. §§ II.D., II.E.), Defendant's limitations with respect to subparts (b) and (c) are improper because "impact and road hazard issues" cannot be excluded and comunication with Government Agencies is relevant to MBUSA's knowledge of the defect and parts replacements coverage (*see id.* § II.A). | Granted in part. The deposition shall be limited as proposed by MBUSA but with 2(a) to include divisions or departments responsible for "servicing" Class Vehicles and 2(b) to include divisions or departments responsible for "investigating" complaints as requested by Wadeea at the motion hearing. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| and Wheels in the Class Vehicles, and, in particular, repairs or replacements related to issues blowouts, tire and/or wheel replacement; and (d) determining whether those replacements and/or repairs are covered under the new vehicle Warranty provided with the Class Vehicles. | design, manufacture, or service the Class Vehicles, and this is not a recall case involving government agencies, nonetheless, MBUSA agrees to designate a witness to testify about: 2(a) with respect to divisions or departments that are responsible for advertising, marketing, and selling putative Class Vehicles; 2(b) with respect to the divisions or departments that are responsible for receiving and responding to consumer complaints made to MBUSA regarding the Tires or Wheels in Class Vehicles for non-impact or road hazard issues; and 2(c) with respect to the divisions or departments that are responsible for communicating with Authorized Dealerships regarding warranty claims or coverage for replacing and/or repairing the Tires or Wheels in the Class Vehicles for non-impact or road hazard issues. | | |
| **Topic 3:** The identity of Mercedes-Benz USA, LLC personnel who are most familiar with the Class | As stated in MBUSA's Answer to the Complaint, the Responses to multiple | MBUSA's claimed ignorance does not excuse it from its | Denied. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| Vehicles' Tires and Wheels (including their design, production, supply, distribution, assembly, as well as presale and post-sale testing), attempted countermeasures for any issues with the Tires and Wheels, and, in particular, countermeasures for TIRE OR WHEEL ISSUES, and a general understanding of each identified engineers' job duties and responsibilities. | interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and MBUSA will not designate a witness on that basis. | discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality (*see* Plaintiff's Opp. § II.D.; *see also id.* § II.E.). | |
| **Topic 4**: The manner in which meetings among Mercedes-Benz USA, LLC's executives are memorialized, including the form of those records, who prepares them, and how such records are kept and stored, and records of meetings during which TIRE OR WHEEL ISSUES in Class Vehicles are discussed and where in MBUSA's document production information about such discussions is located. | MBUSA's record keeping practices are not the subject of proper corporate representative testimony, as this would be impermissible "discovery about discovery," (*Watkins v. HireRight, Inc.*, 2013 U.S. Dist. LEXIS 189558, at *12 (S. D. Cal. Nov. 18, 2013)), and as there are no non-privileged meetings between MBUSA executives there were memorialized in writing regarding the claimed tire or wheel issues in the putative | Understanding MBUSA's recordkeeping practices will not only expedite discovery in this case (given past confusions regarding MBUSA's document storage systems and MBUSA's resistance to providing further explanation), but is also directly relevant to MBUSA's ability to identify, track, and address vehicle issues in the field, while | Granted. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | class vehicles as pleaded in plaintiff's complaint, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | MBUSA's claims that responsive information does not exist cannot be accepted at face value (*see* Plaintiff's Opp. § II.F.; *see also id.* § II.D.). | |
| **Topic 5:** The private websites, intranets, networks, and/or private databases and systems owned, managed, or controlled by Mercedes-Benz USA, LLC to share, send or receive, or communicate information with Authorized Dealerships, Mercedes-Benz AG or Mercedes-Benz Group AG, including warranty-related information, financial or Authorized Dealership account information, and/or TSBs or updates, by whatever characterization, e.g., myMBFS and XENTRY. | MBUSA's record keeping practice are not the subject of proper corporate representative testimony, as this would be impermissible "discovery about discovery," (*Watkins v. HireRight, Inc.*, 2013 U.S. Dist. LEXIS 189558, at *12 (S. D. Cal. Nov. 18, 2013)), and these topics seek information regardless of its relevance to the alleged defect or putative class vehicle, and MBUSA will not designate a witness on that basis. | Understanding MBUSA's ability to, and actual practice of, communicating with other entities related to Class Vehicles (i.e. dealerships and parent companies) is directly relevant to MBUSA's ability to identify, track, and address vehicle issues in the field, and there is no reason to believe that these methods of communication vary by vehicle type or are specific to the "alleged defect" (*see* Plaintiff's Opp. § II.F.). | Denied. |

4

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | | | |
| | | | |
| **Topic 6:** The identities of Mercedes-Benz USA, LLC's Information Technology ("IT") Department's employees, their duties and roles in preservation and collection efforts as to documents or data related to TIRE OR WHEEL ISSUES, including the type(s) of such data/documents for which each employee had and/or has responsibility. | MBUSA's record keeping practice are not the subject of proper corporate representative testimony, as this would be impermissible "discovery about discovery," (*Watkins v. HireRight, Inc.*, 2013 U.S. Dist. LEXIS 189558, at *12 (S. D. Cal. Nov. 18, 2013)), and these topics seek information regardless of its relevance to the alleged defect or putative class vehicle, and MBUSA will not designate a witness on that basis. | Understanding MBUSA's efforts and approach to its identification, preservation, and production of documents relevant to Plaintiff's claims will improve discovery in this case (given past confusions regarding MBUSA's document storage systems and MBUSA's resistance to providing further explanation), and this Topic is specifically limited to information relevant to this case as it concerns "documents or data related to TIRE OR WHEEL ISSUES" (*see* Plaintiff's Opp. § II.F; *see also id.* § II.C.)). | Granted. |
| **Topic 7:** Mercedes-Benz USA, LLC's record creation, record collection, record maintenance, and record retention policies, practices and procedures in relation to receipt, distribution, and the sale or | MBUSA's record keeping practice are not the subject of proper corporate representative testimony, as this would be impermissible "discovery about discovery," (*Watkins v.* | Understanding MBUSA's recordkeeping practices will not only expedite discovery in this case (given past confusions regarding MBUSA's | Granted. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| lease of Class Vehicles, including income or earnings from the sale or lease of Class Vehicles. | *HireRight, Inc.*, 2013 U.S. Dist. LEXIS 189558, at *12 (S. D. Cal. Nov. 18, 2013)), and these topics seek information regardless of its relevance to the alleged defect or putative class vehicle, and MBUSA will not designate a witness on that basis. | document storage systems and MBUSA's resistance to providing further explanation), but is also directly relevant to MBUSA's ability to identify, track, and address vehicle issues in the field, and this Topic is specifically limited to information relevant to this case as it concerns "Class Vehicles" (*see* Plaintiff's Opp. § II.F.; *see also id.* § II.C.). | |
| **Topic 8:** To the extent Mercedes-Benz USA, LLC is aware of any lost or missing documents, presentations, and ESI related to this action that were sought by Plaintiff's requests for production of documents, the identity of and last known location of such documents or ESI, and the identity of the custodian(s) responsible for those documents or ESI. | MBUSA's record keeping practice are not the subject of proper corporate representative testimony, as this would be impermissible "discovery about discovery," (*Watkins v. HireRight, Inc.*, 2013 U.S. Dist. LEXIS 189558, at *12 (S. D. Cal. Nov. 18, 2013)), and these topics seek information regardless of its relevance to the alleged defect or putative class vehicle, and MBUSA will not designate a witness on that basis. | Understanding limitations on MBUSA's records related to this action is relevant to MBUSA's ability to identify, track, and address vehicle issues in the field, and this Topic is explicitly limited to information "related to this action" (*see* Plaintiff's Opp. § II.F.; *see also id.* § II.C.). | Granted. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| **Topic 9:** Authentication of documents produced by Mercedes-Benz USA, LLC in this litigation. | MBUSA's record keeping practice are not the subject of proper corporate representative testimony, as this would be impermissible "discovery about discovery," (*Watkins v. HireRight, Inc.*, 2013 U.S. Dist. LEXIS 189558, at *12 (S. D. Cal. Nov. 18, 2013)), and these topics seek information regardless of its relevance to the alleged defect or putative class vehicle, and this request is overly burdensome and not proportional to the needs of the case as it can be done through less burdensome means, such as through stipulation or a request for admission (*Sheikh v. Spinnaker Ins. Co.*, 2025 U.S. Dist. LEXIS 121834, at *9 (E.D. Cal. June 24, 2025)), MBUSA will not designate a witness on that basis, but is willing, subject to reserving all rights as to all other objections to the admission of these records into evidence, to stipulate that the documents from MBUSA produced in this | Undisputed. | Denied as moot. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | litigation are authentic business records. | | |
| | | | |
| **Topic 10:** Information within the possession, custody or control of Mercedes- Benz USA, LLC, or its subsidiaries and agents, relating to: (i) the design, development and manufacture of the Class Vehicles; (ii) verifications, specifications (both design and vehicle specifications), installation, engineering designs and drawings for the Class Vehicles; (iii) modifications, changes, or revisions considered for Class Vehicles Tires and Wheels, during the design, development, and manufacturing process; and (iv) manufacturing costs, purchase price, and acquisition costs of the Tires and Wheels and any alternatives that were evaluated or considered either prior to or after production of the Class Vehicles. | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and MBUSA will not designate a witness on that basis. | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality (*see* Plaintiff's Opp. § II.D.; *see also id.* § II.E.). | Denied. MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |
| **Topic 11:** Whether Mercedes-Benz USA, LLC has communicated or communicates with Mercedes-Benz AG or Mercedes-Benz Group AG about, or has access to, the | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, | Denied. MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| following: (i) the design, development and manufacture of the Class Vehicles; (ii) verifications, specifications (both design and vehicle specifications), installation, engineering designs and drawings for the Class Vehicles; (iii) modifications, changes, or revisions considered for Class Vehicles Tires and Wheels, during the design, development, and manufacturing process; and (iv) manufacturing costs, purchase price, and acquisition costs of the Tires and Wheels and any alternatives that were evaluated or considered either prior to or after production of the Class Vehicles. | "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and MBUSA will not designate a witness on that basis. | contradicts its own representations to federal agencies and consumers, and belies reality (*see* Plaintiff's Opp. § II.D.; *see also id.* § II.E.). | MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |
| **Topic 12:** The identities of all manufacturers, suppliers, and distributors of the Tires and Wheels in the Class Vehicles (e.g., Pirelli and Ronal). | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality (*see* Plaintiff's Opp. § II.D.; *see also id.* § II.E.). | Denied.  MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and MBUSA will not designate a witness on that basis. | | |
| **Topic 13:** Information within the possession, custody or control of Mercedes-Benz USA, LLC, or its subsidiaries and agents, relating to contracts, including, but not limited to, indemnity agreements and master purchase orders, related to the design and testing of the Tires and Wheels in Class Vehicles, including the availability of data showing the prices Mercedes-Benz USA, LLC paid to suppliers for Tires and Wheels in Class Vehicles. | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and MBUSA will not designate a witness on that basis. | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality (*see* Plaintiff's Opp. § II.D.; *see also id.* § II.E.). | Denied. MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |
| **Topic 14:** Compliance with standards, including Mercedes-Benz USA, LLC's standards, NHTSA's standards, and Mercedes-Benz USA, LLC suppliers' standards as it | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, | Denied. MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| pertains to the Tires and Wheels used for Class Vehicles. | "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and MBUSA will not designate a witness on that basis. | contradicts its own representations to federal agencies and consumers, and belies reality (*see* Plaintiff's Opp. § II.D.; *see also id.* § II.E.). | MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |
| | | | |
| **Topic 15:** Tests, failure analyses, studies, simulations, investigations, forecasting, modeling, predictive analyses, reports, and evaluations concerning Tire or Wheel failures in Class Vehicles not attributable to normal wear, failure rates for the Tires and Wheels in Class Vehicles, Weibull analysis, Process Failure Mode Effects Analysis ("PFMEA"), and Design Failure Mode Effects Analysis ("DFMEA"). | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality, while its carefully phrased assertion that no responsive information exists cannot be accepted at face value (*see* | Denied.  MBUSA shall designate a witness who shall explain why this information is neither known or reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and as MBUSA did not conduct any such "tests, failure analyses, studies, simulations, investigations, forecasting, modeling, predicative analyses, reports, and evaluations" regarding the alleged defect in the Tires or Wheels as pleaded in plaintiff's complaint, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | Plaintiff's Opp. §§ II.D., II.E.). | |
| **Topic 16:** The process within Mercedes-Benz USA, LLC that occurs when Mercedes-Benz USA, LLC identifies a safety-related issue, such as the process for distinguishing safety-related issues from issues that do not concern safety, and any heightened or special procedures that are triggered | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality, while | Denied.  MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| when that safety-threshold is crossed for the Class Vehicles. This topic pertains in particular to whether Mercedes-Benz USA, LLC considered or employed any special "safety-related" testing or reporting procedures in response to Tire or Wheel failures on Class Vehicles not attributable to normal wear, *e.g.*, tire blowouts. | to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and as MBUSA did not conduct any such "tests, failure analyses, studies, simulations, investigations, forecasting, modeling, predicative analyses, reports, and evaluations" regarding the alleged defect in the Tires or Wheels as pleaded in plaintiff's complaint, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | its carefully phrased assertion that no responsive information exists cannot be accepted at face value (*see* Plaintiff's Opp. §§ II.D., II.E.). | |
| **Topic 17:** Mercedes-Benz USA, LLC's discovery of or notice of the risks and incidents of premature failures with the Tires and Wheels | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped | In addition to the issue of MBUSA's claimed ignorance not excusing it from its discovery | Granted in part.  The topic shall be limited as proposed by MBUSA. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| of Class Vehicles, including notice of issues pertaining to blowouts and/or rim deformation/damage, which Mercedes-Benz USA, LLC received or was aware of during the design and development of the Tires and Wheels or thereafter, including notice received through preproduction testing, customer (or other Class Vehicle driver) feedback or complaints, Authorized Dealership reports, and aggregate Warranty repair request data. | on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available to it (See Luken v. Christensen Grp. Inc., 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), nonetheless MBUSA agrees to designate a witness to testify about: Topic 17 with respect to the communications from California customers regarding alleged complaints or feedback as to the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, as previously produced as MBUSA_WADEEA_0006529 and MBUSA_WADEEA_0006530, and aggregate warranty repair request data related to the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, as | obligations as a party to this lawsuit (see Plaintiff's Opp. §§ II.D., II.E.), Defendant's limitations on the witness it agrees to designate are improper because there is no justification for restricting the questioning to just three documents, and MBUSA's "discovery of or notice of the risks" associate with the alleged defect are not realistically confined to a single state (see id. § II.A. fn. 1). | |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | previously produced as MBUSA_WADEEA_0005864. | | |
| **Topic 18:** Complaints (formal and informal), claims, inquiries, reported failures or defects, and Warranty claims known to MBUSA concerning the Tires and Wheels in Class Vehicles, including any denial of Warranty coverage for repair or replacement related to Tires and Wheels in Class Vehicles, whether made directly to MBUSA or communicated indirectly through third parties such as Authorized Dealerships, suppliers, consumers, or made to third parties such as NHTSA or online (*e.g.*, mbworld.org, benzforum.com, and reddit.com) where such complaints were collected and reviewed by Mercedes-Benz USA, LLC or its agents. | As stated in MBUSA's Responses and Objections to Plaintiff's Interrogatories and Requests for Production, MBUSA does not have knowledge regarding the suppliers for the Tires and Wheels, and did not have any communications with NHTSA, DOT, or any other governmental agencies that relate to plaintiff's alleged defect, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.*, 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), nonetheless MBUSA agrees to designate a witness to testify about: Topic 18 with respect to the communications from California customers regarding alleged complaints or feedback as to the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, as previously produced as | In addition to the issue of MBUSA's claimed ignorance not excusing it from its discovery obligations as a party to this lawsuit (*see* Plaintiff's Opp. §§ II.D., II.E.), Defendant's limitations on the witness it agrees to designate are improper because there is no justification for restricting the questioning to to just three documents, and MBUSA's "discovery of or notice of the risks" associate with the alleged defect are not realistically confined to a single state (*see id.* § II.A. fn. 1). | Granted in part. The topic shall be limited as proposed by MBUSA. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | MBUSA_WADEEA_0006529 and MBUSA_WADEEA_0006530, and aggregate warranty repair request data related to the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, as previously produced as MBUSA_WADEEA_0005864. | | |
| **Topic 19:** Audits, investigations, reports, studies or surveys conducted or prepared by or on behalf of either Mercedes-Benz USA, LLC, or otherwise known to Mercedes-Benz USA, LLC, concerning TIRE OR WHEEL ISSUES related to Class Vehicles. | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and MBUSA will not designate a witness on that basis. | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality (*see* Plaintiff's Opp. § II.D.; *see also id.* § II.E.). | Denied. MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| **Topic 20:** The costs to Mercedes-Benz USA, LLC, Authorized Dealerships, and consumers associated with repairing or replacing Tires and Wheels in the Class Vehicles, and specifically, parts sales data—i.e., data regarding the number of and prices for the sales of replacement parts attributable to premature Tire or Wheel failures. | MBUSA objects to the extent this topic to the extent it attempts to extend the scope of discovery to information in the possession, custody, or control of individuals other than MBUSA, as MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at \*3 (W.D. Wash. Apr. 27, 2018)), nonetheless MBUSA agrees to designate a witness to testify about: Topic 20 with respect to MBUSA's costs paid to either Authorized Dealerships or consumers associated with repairing or replacing Tires or Wheels in the putative class vehicles based on the alleged defect as pleaded in plaintiff's complaint. | In addition to the issue of MBUSA's claimed ignorance not excusing it from its discovery obligations as a party to this lawsuit (*see* Plaintiff's Opp. §§ II.D., II.E.), Defendant's limitations on the witness it agrees to designate are improper because there is no justification for excluding MBUSA from the entities whose "costs ... associated with repairing or replacing Tires and Wheels in the Class Vehicles" are discussed (*see id.* § II.A. fn. 1). | Granted in part. The topic shall be limited as proposed by MBUSA. |
| **Topic 21:** The process by which Defendant analyzes and reviews results from Mercedes-Benz USA, LLC's inspections or investigations conducted in response to reported TIRE OR WHEEL ISSUES in Class Vehicles. This topic also seeks testimony regarding how decisions | MBUSA objects to the extent this topic to the extent it attempts to extend the scope of discovery to information in the possession, custody, or control of individuals other than MBUSA, as MBUSA is not required to testify about | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, | Denied. MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| are made to close investigations or to pursue further action related to premature failures of Tire or Wheels in Class Vehicles. | information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.*, 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and as MBUSA did not conduct any such "inspections or investigations" regarding the alleged defect in the Tires and Wheels as pleaded in plaintiff's complaint, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | and belies reality, while its carefully phrased assertion that no responsive information exists cannot be accepted at face value (*see* Plaintiff's Opp. §§ II.D., II.E.). | ascertain whether responsive information exists. |
| **Topic 22**: The identities of any individuals or those of other entities involved in the specific investigations or inquires into TIRE OR WHEEL ISSUES in Class Vehicles, excluding legal counsel and their staff. | MBUSA objects to the extent this topic to the extent it attempts to extend the scope of discovery to information in the possession, custody, or control of individuals other than MBUSA, as MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.*, | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality, while its carefully phrased assertion that no | Denied.  MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and as MBUSA did not conduct any such "specific investigations or inquiries" regarding the alleged defect in the Tires and Wheels as pleaded in plaintiff's complaint, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | responsive information exists cannot be accepted at face value (*see* Plaintiff's Opp. §§ II.D., II.E.). | |
| **Topic 23:** MBUSA's relationship with suppliers of Tires and Wheels in Class Vehicles, particularly Ronal and Pirelli, regarding reimbursement repairs or replacements of Tires and Wheels in Class Vehicles, including written contract(s) with suppliers governing reimbursement repairs or replacements of Tires and Wheels involving the Class Vehicles. | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and as stated in MBUSA's Responses and Objections to Plaintiff's Interrogatories and Requests | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality (*see* Plaintiff's Opp. § II.D.; *see also id.* § II.E.). | Denied.  MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | for Production, MBUSA does not have knowledge regarding the suppliers for the Tires and Wheels, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and MBUSA will not designate a witness on that basis. | | |
| **Topic 24:** Compensation by MBUSA to Authorized Dealerships for replacing Tires and Wheels in Class Vehicles and the manner in which that compensation is determined, including Authorized Dealerships' goodwill discounts. | MBUSA objects to the extent this topic to the extent it attempts to extend the scope of discovery to information in the possession, custody, or control of individuals other than MBUSA, as MBUSA does not issue payments to Authorized Dealerships for replacing Tires and Wheels in Class Vehicles for the defect as pleaded in plaintiff's complaint, and therefore has no knowledge of these Topics, as MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality (*see* Plaintiff's Opp. § II.D.; *see also id.* § II.E.). | Denied. MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | (W.D. Wash. Apr. 27, 2018)), and MBUSA will not designate a witness on that basis. | | |
| **Topic 25:** Communication between Mercedes-Benz USA, LLC and NHTSA (and any other similar governmental regulatory agency) regarding TIRE OR WHEEL ISSUES in Class Vehicles. | As stated in MBUSA's Responses and Objections to Plaintiff's Interrogatories and Requests for Production, MBUSA does not have knowledge regarding the suppliers for the Tires and Wheels, and did not have any communications with NHTSA, DOT, or any other governmental agencies that relate to plaintiff's alleged defect, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and MBUSA will not designate a witness on that basis. | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality (*see* Plaintiff's Opp. § II.D.; *see also id.* § II.E.). | Denied.  MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |
| **Topic 26:** Communications between Mercedes-Benz USA, LLC and suppliers of the Tires and Wheels in Class Vehicles, particularly, Ronal and Pirelli, relating to TIRE OR WHEEL | As stated in MBUSA's Responses and Objections to Plaintiff's Interrogatories and Requests for Production, MBUSA does not have knowledge regarding the | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own | Denied.  MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| ISSUES, the normal or typical life expectancy of the Tires and Wheels in Class Vehicles, and warranty rates regarding the Tires and Wheels in Class Vehicles. | suppliers for the Tires and Wheels, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and there are no communications between MBUSA and the suppliers regarding the alleged defect as pleaded in plaintiff's complaint, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | representations to federal agencies and consumers, and belies reality, while its carefully phrased assertion that no responsive information exists cannot be accepted at face value (*see* Plaintiff's Opp. §§ II.D., II.E.). | taken by MBUSA to ascertain whether responsive information exists. |
| **Topic 27:** Specific warranty extensions, service bulletins or similar manufacturer communications written by Mercedes-Benz USA, LLC relating to TIRE OR WHEEL ISSUES concerning the Class Vehicles. This topic also seeks testimony regarding the way in which those specific | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality, while | Denied. MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| service bulletins or warranty extensions were developed. | to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.*, 2018 WL 1994121, at \*3 (W.D. Wash. Apr. 27, 2018)), and there are no warranty extensions, service bulletins, or similar manufacturer communications, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at \*14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | its carefully phrased assertion that no responsive information exists cannot be accepted at face value (*see* Plaintiff's Opp. §§ II.D., II.E.). | |
| **Topic 28:** Internal communications and analyses within Mercedes-Benz USA, LLC regarding specific warranty extensions, service bulletins or similar manufacturer communications written by Mercedes-Benz USA, LLC relating to TIRE OR WHEEL ISSUES in Class Vehicles. | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality, while its carefully phrased | Denied. MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and there are no warranty extensions, service bulletins, or similar manufacturer communications, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | assertion that no responsive information exists cannot be accepted at face value (*see* Plaintiff's Opp. §§ II.D., II.E.). | |
| **Topic 29:** Communications between Mercedes-Benz USA, LLC and Mercedes-Benz Group AG relating to TIRE OR WHEEL ISSUES in Class Vehicles, including warranty rates. | MBUSA objects to plaintiff's terms "Tire or Wheel Issues," "Class Vehicles," and the lack of temporal limitation as overbroad and unduly burdensome, as they seek information regardless of its relevance to the alleged defect or the putative class vehicles, nonetheless MBUSA agrees to designate a witness to testify | This Topic is limited temporally and in scope to Class Vehicles (2021-2024 S-Class models) and relevant issues ("TIRE OR WHEEL ISSUES"), and Defendant's implicit limitation is improper because there is no justification for | Denied. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | about: Topic 29 with respect to communications between MBUSA and MBG to the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint. | excluding relevant discussions between MBUSA and its parent entity which don't conform to MBUSA's construction of the "alleged defect" (*see* Plaintiff's Opp. §§ II.C., II.A. fn. 1). | |
| **Topic 30:** Communications between Mercedes-Benz USA, LLC and Mercedes-Benz AG relating to TIRE OR WHEEL ISSUES in Class Vehicles, including warranty rates. | MBUSA objects to plaintiff's terms "Tire or Wheel Issues," "Class Vehicles," and the lack of temporal limitation as overbroad and unduly burdensome, as they seek information regardless of its relevance to the alleged defect or the putative class vehicles, nonetheless MBUSA agrees to designate a witness to testify about: Topic 29 with respect to communications between MBUSA and MBAG to the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint. | This Topic is limited temporally and in scope to Class Vehicles (2021-2024 S-Class models) and relevant issues ("TIRE OR WHEEL ISSUES"), and Defendant's implicit limitation is improper because there is no justification for excluding relevant discussions between MBUSA and its parent entity which don't conform to MBUSA's construction of the "alleged defect" (*see* Plaintiff's Opp. §§ II.C., II.A. fn. 1). | Denied. |
| **Topic 31:** The background facts and safety-related concerns, if any, giving rise to any specific warranty | As stated in MBUSA's Answer to the Complaint, the Responses to multiple | MBUSA's claimed ignorance does not excuse it from its | Denied. MBUSA shall designate a witness who shall explain why this information |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| extensions, service bulletins or similar manufacturer communications written by Mercedes-Benz USA, LLC relating to TIRE OR WHEEL ISSUES in Class Vehicles. This topic seeks testimony regarding: (a) the identity and the number of Class Vehicles subject to any Bulletins (b) communications between Mercedes-Benz USA, LLC and consumers or Class Vehicle owners/lessees about these Bulletins, (c) communications between Mercedes-Benz USA, LLC and NHTSA (or similar governmental regulatory bodies) regarding these Bulletins, (d) communications between Mercedes-Benz USA, LLC and Authorized Dealerships regarding these Bulletins, (e) any proposed procedures or remedies set forth in these Bulletins, and (f) any available data regarding the application of the repairs set forth in these Bulletins, and Manufacturer Communications, and whether any additional Manufacturer Communications or Manufacturer Communications expansions are being contemplated by Mercedes- | interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and there are no warranty extensions, service bulletins, or similar manufacturer communications, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality, while its carefully phrased assertion that no responsive information exists cannot be accepted at face value (*see* Plaintiff's Opp. §§ II.D., II.E.). | is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| Benz USA, LLC relating to TIRE OR WHEEL ISSUES in Class Vehicles. | | | |
| **Topic 32**: Whether Mercedes-Benz USA, LLC is currently preparing any additional specific warranty extensions, service bulletins or similar manufacturer communications written by Mercedes-Benz USA, LLC relating to TIRE OR WHEEL ISSUES in Class Vehicles. | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and there are no specific warranty extensions, service bulletins, or similar manufacturer communications, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez,* 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality, while its carefully phrased assertion that no responsive information exists cannot be accepted at face value (*see* Plaintiff's Opp. §§ II.D., II.E.). | Denied. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | and MBUSA will not designate a witness on that basis. | | |
| **Topic 33:** Mercedes-Benz USA, LLC's internal communications, and communications with any third parties including suppliers, Authorized Dealerships, Government Agencies, and consumers regarding any remedial actions taken related to premature failure of Tires of Wheels in Class Vehicles. | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and as stated in MBUSA's Responses to Interrogatories and Requests for Production, MBUSA does not have communications with the suppliers for the Tires and Wheels and did not have any communications with NHTSA, DOT, or any other governmental agencies that relate to plaintiff's alleged defect, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), subsequent remedial measures | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality, its objection based on Rule 407 conflates discoverability with admissibility, its carefully phrased assertion that no responsive information exists cannot be accepted at face value, and MBUSA's failure to take any remedial actions is itself relevant and discoverable (*see* Plaintiff's Opp. §§ II.D., II.E., II.G.). | Denied. MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | are not admissible evidence and not the subject of proper corporate representative deposition testimony (*See* Fed. R. Evid. 407; *see also Klatt v. Arpaio*, 2016 U.S. Dist. LEXIS 198426, at *6 (D. Ariz. July 18, 2016)), and there are no remedial actions taken related to the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | | |
| | | | |
| **Topic 34:** The implementation of any Change Notices related to the Tires and Wheels in Class Vehicles, including the process for developing and issuing the Change Notices from start to finish, and the reasons for issuing the Change Notices. | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal | Denied.  MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and there are no Change Notices related to the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | agencies and consumers, and belies reality, while its carefully phrased assertion that no responsive information exists cannot be accepted at face value (*see* Plaintiff's Opp. §§ II.D., II.E.). | ascertain whether responsive information exists. |
| **Topic 35:** Change Notice performance and analysis, including the testing, evaluation, analysis, statistical (prevalence, percentage, or other means of considering effectiveness of this countermeasure) review and | As stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal | Denied. MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| consideration of performance and effectiveness, the history and success or failure, and any other consideration, review or analysis of any Change Notice related to the Tires and Wheels in Class Vehicles. | manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and there are no Change Notices related to the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | agencies and consumers, and belies reality, while its carefully phrased assertion that no responsive information exists cannot be accepted at face value (*see* Plaintiff's Opp. §§ II.D., II.E.). | ascertain whether responsive information exists. |
| | | | |
| **Topic 36:** When MBUSA began advertising and marketing each model of the Class Vehicles in California, the targeted geographic | MBUSA objects to plaintiff's terms "Tire," "Wheels," "Class Vehicles," and the lack of temporal limitation as | This Topic is limited temporally and in scope to Class Vehicles (2021-2024 S-Class models) | Denied. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| locations of such advertising and marketing, and the mediums by which such advertising and marketing campaigns are carried out (i.e., magazine, billboard, email ads, etc.), including whether the advertisements and marketing specifically refer to the Tire or Wheels. | overbroad and unduly burdensome, as they seek information regardless of its relevance to the alleged defect or the putative class vehicles, and MBUSA's marketing to putative class members in California related to the putative class vehicles did not target the 21-inch Tires with Pirellis, as such, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | which MBUSA markets in California, rendering its carefully phrased assertion that no responsive information exists unrealistic and subject to scrutiny (*see* Plaintiff's Opp. §§ II.C., II.E.). | |
| **Topic 37:** The total number Class Vehicles distributed by Mercedes-Benz USA, LLC to Authorized Dealerships, broken down by model-year. | MBUSA objects to this topic on the grounds that it is neither proportional, narrowly tailored, nor calculated to lead to the production of evidence relevant to the underlying dispute, which is limited to plaintiff and a putative California class regarding the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, and this | Undisputed | Denied as moot. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | topic is better answered through interrogatories or requests for production, particularly as MBUSA has already produced documents relevant to this topic (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), nonetheless MBUSA agrees to designate a witness to testify about: topic 37 with respect to the sales data for California, as previously produced as MBUSA_WADEEA_0005832. | | |
| **Topic 38:** The total number Class Vehicles for which Mercedes-Benz USA, LLC received income from an original sale of the Class Vehicles within California, broken down by model-year. | MBUSA objects to this topic on the grounds that it is neither proportional, narrowly tailored, nor calculated to lead to the production of evidence relevant to the underlying dispute, which is limited to plaintiff and a putative California class regarding the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, and this topic is better answered through interrogatories or requests for production, particularly as MBUSA has already produced documents | Undisputed | Denied as moot. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | relevant to this topic (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), nonetheless MBUSA agrees to designate a witness to testify about: topic 38 with respect to the sales data for California, as previously produced as MBUSA_WADEEA_0005832. | | |
| **Topic 39:** The total number of Tires and Wheels replaced in the Class Vehicles (*i.e.*, not as originally equipped in new vehicles) within the United States at a Mercedes-Benz authorized dealership. This request seeks testimony pertaining to the sales of parts under warranty, goodwill, and parts sales not covered under warranty or goodwill. | MBUSA objects to this topic on the grounds that it is neither proportional, narrowly tailored, nor calculated to lead to the production of evidence relevant to the underlying dispute, which is limited to plaintiff and a putative California class regarding the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, and this topic is better answered through interrogatories or requests for production, particularly as MBUSA has already produced documents relevant to this topic (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), nonetheless MBUSA agrees to | In addition to the fact that MBUSA's carefully phrased assertion that no responsive information exists cannot be accepted at face value (*see* Plaintiff's Opp. §§ II.D., II.E.), Defendant's limitations on the witness it agrees to designate are improper because there is no justification for excluding any discussion of "parts sales not covered under warranty or goodwill" (*see id.* § II.A. fn. 1). | Granted in part.  The topic shall be limited as proposed by MBUSA. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | designate a witness to testify about: topic 39 with respect to the warranty and goodwill data for California, as previously produced as MBUSA_WADEEA_0005864. | | |
| **Topic 40:** Studies conducted or paid for, by or on behalf of Mercedes-Benz USA, LLC (*e.g.*, contingent value studies, conjoint surveys, quantitative market research, or price comparison analysis), for the purpose of marketing any of the Class Vehicles, including setting the prices of the Class Vehicles. | MBUSA objects to plaintiff's lack of temporal limitation as overbroad and unduly burdensome, she seeks information regardless of its relevance to the alleged defect or the putative class vehicles, and MBUSA's marketing to putative class members in California related to the putative class vehicles did not target the 21-inch Tires with Pirellis, and did not conduct or pay for any marketing studies related to the Tires and Wheels, as such, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | This Topic is limited temporally and in scope to Class Vehicles (2021-2024 S-Class models) which MBUSA markets in California, rendering its carefully phrased assertion that no responsive information exists unrealistic and subject to scrutiny (*see* Plaintiff's Opp. §§ II.C., II.E.). | Denied.  MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to ascertain whether responsive information exists. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| **Topic 41:** Information in the possession, custody or control of MBUSA pertaining to the marginal, actual, and incremental cost of manufacturing of the Class Vehicles, as well as the marginal, actual, and incremental cost of selling Class Vehicles through or by Authorized Dealerships. | MBUSA objects to this topic on the grounds that it is neither proportional, narrowly tailored, nor calculated to lead to the production of evidence relevant to the underlying dispute, which is limited to plaintiff and a putative California class regarding the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, and as stated in MBUSA's Answer to the Complaint, the Responses to multiple interrogatories, and stamped on plaintiff's vehicle, MBUSA "does not develop, design, test, analyze, produce, or manufacture the Class Vehicles or their component parts," as to the alleged defect as pleaded in plaintiff's complaint, MBUSA is not an "Authorized Dealership," and does not sell vehicles to anyone other than "Authorized Dealerships," and so it does not have information as to the "marginal, actual, and incremental cost of selling Class Vehicles through or by Authorized Dealerships," and | This Topic is limited temporally and in scope to Class Vehicles (2021-2024 S-Class models) which MBUSA markets in California, rendering its carefully phrased assertion that no responsive information exists unrealistic and subject to scrutiny, and MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal agencies and consumers, and belies reality (*see* Plaintiff's Opp. §§ II.C.-E.). | Denied. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and MBUSA will not designate a witness on that basis. | | |
| **Topic 42:** The Class Vehicles' market share. | MBUSA objects to this topic as irrelevant to any issue or claim in this case and will not designate a witness on this subject. | Undisputed. | Granted. |
| **Topic 43:** Authorized Dealership invoice pricing relating to Class Vehicles. | MBUSA objects to this topic on the grounds that it is neither proportional, narrowly tailored, nor calculated to lead to the production of evidence relevant to the underlying dispute, which is limited to plaintiff and a putative California class regarding the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, nonetheless MBUSA agrees to designate a witness to testify about: topic 43 with to the sales data for California, as will be produced in response to | Plaintiff cannot confirm, and does not concede, that MBUSA's limitation on its witness is appropriate, given that it is premised on material not yet produced; nevertheless, reserving her rights, this Topic is undisputed. | Denied as moot. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | plaintiff's Request for Production Number 101. | | |
| | | | |
| **Topic 44:** Requests known to Mercedes-Benz USA, LLC for Warranty coverage relating the Wheels and Tires by Authorized Dealerships or absent Class members, and Mercedes-Benz USA, LLC's response thereto, including any policy adjustments, warranty denials, or goodwill denials. | MBUSA objects to this topic on the on the grounds that it is neither proportional, narrowly tailored, nor calculated to lead to the production of evidence relevant to the underlying dispute, which is limited to plaintiff and a putative California class regarding the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, and this topic is better answered through interrogatories or requests for production, particularly as MBUSA has already produced documents relevant to this topic (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), nonetheless MBUSA agrees to designate a witness to testify about: topic 44 with respect to the warranty and goodwill data for California, as previously | Undisputed. | Granted in part. The topic shall be limited as proposed by MBUSA. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | produced as MBUSA_WADEEA_0005864. | | |
| **Topic 45:** Information identifying the number of Class Vehicles that have had the Tires and/or Wheels replaced and/or repaired by an Authorized Dealership. | MBUSA objects to this topic on the on the grounds that it is neither proportional, narrowly tailored, nor calculated to lead to the production of evidence relevant to the underlying dispute, which is limited to plaintiff and a putative California class regarding the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, and this topic is better answered through interrogatories or requests for production, particularly as MBUSA has already produced documents relevant to this topic (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | This Topic is limited temporally and in scope to Class Vehicles (2021-2024 S-Class models), and MBUSA does not dictate the method by which Plaintiff conducts discovery (*see* Plaintiff's Opp. § II.C.). | Denied. |
| **Topic 46:** Information relating to any legal claim or lawsuit by Mercedes-Benz USA, LLC against any suppliers arising out of or related to TIRE OR WHEEL ISSUES in Class Vehicles. | As stated in MBUSA's Responses and Objections to Plaintiff's Interrogatories and Requests for Production, MBUSA does not have knowledge regarding the suppliers for the Tires and | MBUSA's claimed ignorance does not excuse it from its discovery obligations as a party to this lawsuit, contradicts its own representations to federal | Denied. MBUSA shall designate a witness who shall explain why this information is neither known nor reasonable available to MBUSA, including the steps taken by MBUSA to |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| | Wheels, and MBUSA is not required to testify about information not known or reasonably available to it (*See Luken v. Christensen Grp. Inc.,* 2018 WL 1994121, at *3 (W.D. Wash. Apr. 27, 2018)), and MBUSA has not filed any legal claims or lawsuits against any suppliers arising out of or related to the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, "a deposition on this subject would be an exercise in futility resulting in waste of time, effort, money, and resources," (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), and MBUSA will not designate a witness on that basis. | agencies and consumers, and belies reality, while its carefully phrased assertion that no responsive information exists cannot be accepted at face value (*see* Plaintiff's Opp. §§ II.D., II.E.). | ascertain whether responsive information exists. |
| | | | |
| **Topic 47:** Information and documents currently known to Mercedes-Benz USA, LLC that it anticipates using to support its asserted Affirmative Defenses in the Answer, excluding the First, Second | MBUSA objects to this topic on the on the grounds that it is neither proportional, narrowly tailored, nor calculated to lead to the production of evidence relevant to the underlying | To the extent MBUSA has a factual basis for its thirty-three affirmative defenses, it should designate a witness knowledgeable about the | Granted. |

| Plaintiff Topic | Defendant's Position | Plaintiff's Position | Ruling On Motion |
|---|---|---|---|
| and Thirty-Fifth Affirmative Defenses. | dispute, which is limited to plaintiff and a putative California class regarding the alleged defect in the putative class vehicles as pleaded in plaintiff's complaint, this topic is better answered through interrogatories or requests for production, particularly as MBUSA has already produced documents relevant to this topic (*Jones v. Hernandez*, 2018 U.S. Dist. LEXIS 10930, at *14 (S.D. Cal. Jan. 23, 2018)), this topic constitutes an impermissible catch-all topic which attempts to shift the burden of a parties' discovery needs (*United States v. Nolen*, 2024 U.S. Dist. LEXIS 174694, at *10 (E.D. Cal. Sep. 26, 2024)), and MBUSA will not designate a witness on that basis. | information and documents supporting those defenses, as this information is within MBUSA's knowledge and appropriate for discovery (*see* Plaintiff's Opp. § II.B.). | |