UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASHID WADEEA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 24-cv-01587-H-DDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br><br>[Doc. No. 72.] |

On July 11, 2024, Plaintiff Mashid Wadeea ("Plaintiff") filed a class action complaint against Mercedes-Benz USA, LLC ("MBUSA") in the Superior Court of California, County of San Diego. (Doc. No. 1-2, Compl.) On September 6, 2024, MBUSA removed Plaintiff's complaint to the United States District Court for the Southern District of California. (Doc. No. 1.) On August 8, 2025, Plaintiff filed a motion for leave to file an amended complaint. (Doc. No. 72.) On September 2, 2025, MBUSA filed a response in opposition to Plaintiff's motion. (Doc. No. 115.) On September 8, 2025, Plaintiff filed a reply. (Doc. No. 121.) On September 16, 2025, MBUSA was granted leave to, and did, file a sur-reply. (Doc. Nos. 129-1, 130.)

On September 22, 2025, the Court held a hearing on the motion. Ahren A. Tiller, Cody R. Padgett, Mitchell M. Breit, and Jason A. Ibey appeared for Plaintiff. Troy M.

Hoshino and Shawn R. Obi appeared for MBUSA. For the reasons below, the Court grants Plaintiff's motion for leave to file an amended complaint.

## BACKGROUND

### I.  Factual Background

The following factual background is taken from the allegations in Plaintiff's complaint. Plaintiff is a resident of California. (Compl. ¶ 12.) MBUSA is a Delaware corporation with its headquarters in Atlanta, Georgia. (Id. ¶¶ 14–15.) MBUSA manufactures and sells automobiles. (Id. ¶ 15.) Plaintiff brings this action against MBUSA on behalf of persons who purchased Mercedes-Benz S-Class vehicles of model years 2021 through 2024 ("Class Vehicles") in California. (Id. ¶ 1.)

On October 29, 2022, Plaintiff purchased a 2023 Mercedes-Benz S580V4, new, for a total consideration of $178,028.08. (Id. ¶ 33.) Plaintiff's Class Vehicle was manufactured by MBUSA and came with an express warranty. (Id. ¶ 35.) The express warranty provided that, if a defect developed during the warranty period, Plaintiff would be provided repair services at an authorized dealership. (Id.) The Class Vehicles suffer from a defect affecting the 21-inch AMG wheels that causes the tires to bubble along the sidewall, leak air, and blow out while driving. (Id. ¶¶ 34, 37–43.) Between December 5, 2022 to March 22, 2024, Plaintiff brought her vehicle to an authorized dealership for repair services due to problems caused by the defect at least six times. (Id. ¶¶ 37–44.) Plaintiff's vehicle was never adequately repaired or replaced and she does not believe her vehicle is safe for normal operation. (Id. ¶¶ 44-45, 130.)

Beginning in mid-2022, consumers complained about the defect affecting the Class Vehicles on internet forums and social media accounts monitored by MBUSA. (Id. ¶ 74–75.) MBUSA's authorized dealers were aware of the defect as early as 2022 and reported incidents of tire blowouts resulting from the defect directly to MBUSA. (Id. ¶ 76.) MBUSA has issued recalls on other vehicles it manufactures for similar tire issues but has not issued a recall for tires installed on the Class Vehicles. (Id. ¶¶ 77–80.)

//

## II. Procedural Background

On July 11, 2024, Plaintiff filed a class action complaint against Mercedes-Benz in the Superior Court of California, County of San Diego, alleging claims for: (1) violations of California's Song Beverly Consumer Warranty Act ("Song Beverly Act"), California Civil Code §§ 1790 et seq.; (2) violations of California's Unfair Competition Law ("UCL"), California Business & Professional Code §§ 17200 et seq.; (3) breach of express warranty; (4) breach of implied warranty; (5) unjust enrichment; and (6) fraudulent concealment. (Compl. ¶¶ 128–222.)

On December 6, 2024, the Court denied MBUSA's motion to dismiss Plaintiff's complaint. (See Doc. No. 21.) On January 3, 2025, MBUSA answered the complaint. (Doc. No. 22.) In its answer, it denied that it is the manufacturer of the Class Vehicles. (Id. ¶ 15, 16, 17.) On March 4, 2025, the Court issued a scheduling order. (Doc. No. 28.) The scheduling order set April 4, 2025 as the deadline for the parties to file any motions to join other parties or to amend the pleadings. (Id. ¶ 1.) The scheduling order also set August 6, 2025 as the deadline for the substantial completion of production of documents. (Id. ¶ 4.)

On March 4, 2025, Plaintiff served MBUSA with a set of discovery requests. (Doc. No. 72-2, Melili Decl. ¶ 8.) Plaintiff agreed to extend MBUSA's deadline to respond to her discovery requests by a total of 60 days. (Id. ¶¶ 9–10.) On May 5, 2025, MBUSA responded to Plaintiff's discovery requests. (Id. ¶ 11.) In its responses, MBUSA stated that it did not design or manufacture the Class Vehicles. (Id. ¶ 12.) On May 15, 2025, the parties held a meet and confer on this issue, where MBUSA again confirmed it did not design or manufacture the Class Vehicles, and that any information or documents maintained by Mercedes-Benz AG and Mercedes-Benz Group AG were not in its possession, custody, or control. (Id. ¶ 14.)

On July 23, 2025, Plaintiff filed a motion for issuance of letters rogatory in order to seek document discovery from Mercedes-Benz Group AG. (Doc. No. 49.) On August 4, 2025, the Court issued an amended scheduling order. (Doc. No. 64.) The amended

scheduling order extended the fact discovery cutoff deadline, among others, by one month. (Id.)  The amended scheduling order did not alter the deadline to join parties, amend the pleadings, or substantially complete production of documents.  (Id.)  On August 8, 2025, Plaintiff filed the present motion for leave to amend her complaint.  (Doc. No. 72.) Pursuant to Civil Local Rule 15.1(b), Plaintiff submitted a redlined copy of the proposed FAC attached to its motion.  (Doc. No. 72-9.)  On August 22, 2025, the Court denied Plaintiff's motion for issuance of letters rogatory.  (Doc. No. 92.)

By the present motion, Plaintiff moves pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file an amended complaint.  (Doc. No. 72.)  Specifically, Plaintiff moves to amend its complaint:  (1) to add Mercedes-Benz Group AG and Mercedes-Benz AG as parties to this action in order to seek discovery; (2) to add the word "wheel" to its descriptions of the defect as alleged in the complaint; and (3) to change references in the complaint from the California Code of Civil Procedure to the applicable Federal Rules of Civil Procedure and to remove DOE defendants.  (Doc. No. 72-1 at 10–11.)

## DISCUSSION

### I.  Legal Standards

#### A. Rule 16(b)(4)

Generally, Federal Rule of Civil Procedure 15(a) governs motions for leave to amend pleadings when a party seeks to amend after twenty days from the date when the initial complaint was served.  However, where, as here, the motion for leave to amend is filed after entry of the Rule 16 scheduling order, Rule 16's standards govern.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson, 975 F.2d at 609.

Good cause under Rule 16(b) requires that the party seeking to modify a scheduling order exercise diligence in complying with court-ordered deadlines. To demonstrate diligence under Rule 16's "good cause" standard, the party seeking to modify the scheduling order must show the following: "(1) that it was diligent in assisting the Court in creating a workable Rule 16 order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding her diligent efforts to comply 'because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;' and (3) that it was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order." United States v. Boyce, 148 F. Supp. 2d 1069, 1078 (S.D. Cal. 2001) (quoting Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

"The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "The focus of the inquiry is upon the moving party's reasons for seeking modification." Id. If the party seeking modification was not diligent, the "inquiry should end" and the motion should be denied. Id. Only after a showing of good cause under Rule 16(b)(4) has been made will the district court apply Rule 15(a). Id. at 608.

B. Rule 15(a)

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. The Ninth Circuit has instructed that this policy is "'to be applied with extreme liberality.'" Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Pisciotta v. Teledyne Indus., 91 F.3d 1326, 1331 (9th Cir. 1996). When determining whether to grant leave to amend, courts generally consider five factors, known

as the Foman factors as stated by the Supreme Court in Foman v. Davis, 371 U.S. 178, 182 (1962). These factors include: (1) undue delay; (2) bad faith on the part of the party seeking leave to amend; (3) undue prejudice to the non-moving party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. Foman, 371 U.S. at 182; see Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014); Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Cap., 316 F.3d at 1052.

## II. Analysis

Under the Court's March 4, 2025 scheduling order, any motion for leave to amend the pleadings or to join parties needed to be filed by April 4, 2025. (Doc. No. 28 ¶ 1.) Because Plaintiff filed her motion for leave to amend on August 8, 2025, approximately four months after the deadline, her motion must satisfy Rule 16(b)(4)'s good cause standard. Johnson, 975 F.2d at 607–08.

Plaintiff seeks to modify the scheduling order to amend her complaint and add Mercedez-Benz AG and Mercedes-Benz Group AG as defendants. (Doc. No. 72-1 at 10–11.) She asserts she has good cause to do so because she only learned after the deadline for amending pleadings that MBUSA was not the manufacturer of the Class Vehicles and that MBUSA did not have information regarding the design and manufacture of the Class Vehicles. (Doc. No. 72-1 at 13; Doc. No. 121 at 4.) Plaintiff also seeks to modify the scheduling order to amend her complaint in order to add the term "wheel" to her description of the defect she alleges affects the Class Vehicles. (Doc. No. 72-1 at 11, 14, 18.) She asserts she has good cause to do so based on new information learned during discovery. (Id.)

Plaintiff meets the good cause standard here. This case is in its early stages and discovery is not yet complete. Plaintiff has been diligent in seeking discovery and bringing disputes to the attention of the Court. Given all the factors, Plaintiff has good cause to amend her complaint, especially given the truncated case schedule set in this action.

Furthermore, the Foman factors weigh in favor of granting Plaintiff's motion. There is no evidence of bad faith or undue delay. Plaintiff has not previously amended its complaint in this action, and there is no apparent prejudice to MBUSA, given that this case is still in the discovery phase. As such, after weighing the Foman factors, the Court grants Plaintiff leave to file its proposed amended complaint. (See Doc. No. 72-9.)[1]

## CONCLUSION

For the reasons above, the Court grants Plaintiff's motion for leave to file a first amended complaint. Plaintiff must file its first amended complaint **within seven (7) days** of this order. MBUSA must file its response to Plaintiff's first amended complaint **within fourteen (14) days** of service of the first amended complaint. Fed. R. Civ. P. 15(a)(3). The Court orders the parties to contact the magistrate judge to set a scheduling conference in light of Plaintiff's first amended complaint and directs the parties to proceed diligently with their Rule 30(b)(6) depositions notwithstanding the first amended complaint.

**IT IS SO ORDERED.**

DATED: September 22, 2025

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1] The Court also grants Plaintiff leave to amend her complaint to remove DOE defendants and to conform her state court complaint with the Federal Rules of Civil Procedure.