

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MASHID WADEEA, Individually and on Behalf of All Others Similarly Situated,
Plaintiff,
v.
MERCEDES-BENZ USA, LLC, a Delaware Corporation,
Defendant.

Case No.: 24-cv-1587-H-DDL

**ORDER RE DISCOVERY MEET AND CONFERS**

Civil Local Rule 83.3(a)(1)(c) requires counsel's adherence to the District's Code of Conduct, as set forth in Civil Local Rule 2.1. The Code of Conduct requires, in turn, that counsel treat each other with respect and courtesy, resolve disputes reasonably and promptly, refrain from questioning each other's integrity, and generally comport themselves in a manner that allows for the amicable resolution of matters notwithstanding all counsel's zealous representation of their clients.

In matters of discovery, "counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention 'only in extraordinary situations that implicate truly significant interests.'" *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 301 (D. Nev. 2019) (quoting *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)). Before bringing a discovery dispute to the Court, counsel are obligated to

meet and confer in good faith regarding discovery disputes. See Fed. R. Civ. P. 37(a)(1); CivLR 26.1; Chambers Rules for the Honorable David D. Leshner, § III.A. When reasonable and good faith efforts are made by all parties, the meet and confer requirement serves to "lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants." *Hendon v. California State Senate*, No. 21CV0505-RSH-MDD, 2023 WL 2620147, at *7 (S.D. Cal. Mar. 23, 2023).

At recent hearings on September 18 and 25, 2025, the Court discussed with the parties the efficacy of their meet and confer efforts in light of the number and nature of discovery disputes raised in this case. The Court appreciates counsel's input regarding a structured process for counsel to meet and confer on a regular basis regarding discovery and other case issues.

To facilitate the parties' efforts, the Court further ORDERS as follows:

1. Counsel for the parties must meet and confer every week regarding discovery and other pending case issues. The weekly conference shall take place in person or by videoconference and must be recorded. The recording must be made available to all counsel as soon as it is ready. The parties shall not file the transcript of any conference unless requested to do so by the Court.

2. Plaintiff and Defendant shall each designate two counsel who must attend each weekly discovery conference. Additional counsel may participate in the conference, but only the two designated counsel are required to attend.

3. Not less than 48 hours in advance of each weekly conference, Plaintiff shall send Defendant an agenda with a numbered list of discussion topics. If any item is in dispute, Plaintiff shall succinctly state her position on the dispute. Not less than 24 hours before each weekly conference, Defendant shall respond with any additional agenda items to discuss and a succinct statement of its position on any disputed issues.

4. For each weekly conference, counsel shall select one participant who will be responsible for taking notes. Within 24 hours of the conference, the notetaker must circulate a summary of the conference, which shall include a list of topics covered, any topics tabled for the following week, any agreements reached, and any action items to be

completed before the next conference. The Court expects the conference summaries will describe the parties' discovery agreements and their respective positions on disputed issues and thereby reduce the need for lengthy discovery-related correspondence between the parties.

5. The foregoing procedures do not preclude the parties from raising discovery issues pursuant to the Court's Chambers Rules, although it is the Court's expectation that the weekly conferences between the parties will reduce the need for discovery conferences to address disputed issues.

6. The Court will hold a further status conference with the parties, on **October 30, 2025, at 11:00 a.m.**, to ascertain whether the weekly conferences have assisted the parties in working cooperatively in resolving issues. Counsel designated to attend the weekly conferences shall attend the status conference.

**IT IS SO ORDERED.**

Dated: September 29, 2025

Hon. David D. Leshner
United States Magistrate Judge