UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASHID WADEEA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>Defendant. | Case No.: 24-cv-1587-JLS-DDL<br><br>**ORDER RE MOTIONS TO SEAL**<br><br>**[Dkt. Nos. 111, 114, 123, 126]** |

Before the Court are four motions to seal. Dkt. No. 111, 114, 123, 126. First, Plaintiff moves to seal portions of their opposition to Defendant's motion for protective order and two accompanying exhibits in their entirety. Dkt. No. 111. The other three motions concern Plaintiff's motion to compel, Defendant's opposition, and Plaintiff's reply, seeking to seal the Dealer Agreement in its entirety and all references thereto. Dkt. No. 114 (Plaintiff's Motion to Compel), Dkt. No. 123 (Defendant's Response in Opposition), Dkt. No. 126 (Plaintiff's Reply to Defendant's Response). For the reasons explained below, the Court **DENIES** without prejudice Plaintiff's motion to seal her opposition to Defendant's motion for protective order and **GRANTS** the other three motions to seal.

## LEGAL STANDARDS

The public enjoys "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

597 (1978). This longstanding principle "is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Thus, when evaluating a request to seal judicial records, courts apply "a strong presumption in favor of access" to those records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).[1] The party requesting sealing bears the burden of overcoming this strong presumption. *Id.*

"Generally, the Court applies a good cause standard to motions to seal documents related to a discovery motion." *Dunsmore v. San Diego Cnty. Sheriff's Dep't*, No. 20-CV-406-AJB-DDL, 2024 WL 628021, at *9 (S.D. Cal. Feb. 14, 2024). Although less demanding than the "compelling reasons" standard, "good cause" nevertheless requires a particularized showing that specific prejudice or harm will result if the information is disclosed. *Phillips ex rel. Ests. of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not satisfy the good cause standard. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## ANALYSIS

### A. Dkt. No. 111

Plaintiff moves unopposed to seal Exhibits 5 and 6 to her opposition to Defendant's motion for a protective order [Dkt. No. 113] and the portions of the opposition referencing those exhibits. Dkt. No. 111. These exhibits contain information designated by Defendant as "Confidential" pursuant to the Protective Order. Dkt. No. 111 at 2. Specifically, Exhibit 5 is "an internal MBUSA email exchange" discussing "warranty claims made on tires." Dkt. No. 119-1, Declaration of Shawn R. Obi in Support of Defendant Mercedes-Benz Usa, LLC's Joinder to Plaintiff's Unopposed Administrative Motion to File Under Seal ("Obi Decl.") at ¶ 6. Exhibit 6 is "an email exchange containing…discussions between MBUSA

and a third-party dealer regarding customer information and concerns" relating to tires. *Id.* at ¶ 7.

In its joinder, Defendant argues that there is good cause to seal because these exhibits "contain confidential business information that, if disclosed to the public could harm MBUSA's competitive standing." Dkt. No. 119 at 2. As to Exhibit 5, Defendant asserts that the emails contain highly confidential information regarding their business model, business partners, and strategic decision making. *Id.* at 3. According to Defendant, "[w]ere this information to be released, MBUSA could be harmed to the extent the document explains considerations for vehicle offerings on the market." *Id.* As to Exhibit 6, Defendant argues that the dealer discussion concerns confidential information that "could harm MBUSA's competitive standing if distributed." *Id.*

Having independently reviewed the exhibits, the Court does not find that Defendant has satisfied the good cause standard. As an initial matter, the request to seal is overbroad, as some portions of the Exhibits are clearly not confidential business information. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (finding no good cause to seal documents in their entirety where a small number of confidential details could be redacted with minimal effort); *see also Murphy v. Kavo America Corp.*, No. CV 110 410 YGR, 2012 WL 1497489 at *1 (N.D. Cal Apr. 27, 2012) ("[T]o the extent that redacting the identifying information would provide the Court, and the public, with meaningful information and not prejudice the individuals, documents containing private information should be filed in redacted form rather than sealed in their entirety.")

Further, it is not apparent to the Court from the face of the emails what portions of the exchanges could constitute confidential business information. Based on the Court's review, the emails do not contain any "strategic analysis," nor do they expose the details of Defendant's "business model regarding warranty claims," as Defendant asserts. Dkt. No. 119 at 4. The emails discuss tire incidents like those in Plaintiff's complaint. "The mere fact that the production of records may lead to a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d at 1179. Defendant's broad claim of harm to its competitive standing provides no clarity in this respect and falls short of the specificity required under the good cause standard.

Finally, that these emails were designated as Confidential pursuant to the protective order is not enough. *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-CV-595-BAS(MDD), 2017 WL 1035730, at *2 (S.D. Cal. Mar. 17, 2017) ("a blanket protective order is not itself sufficient to show 'good cause' for sealing particular documents"); *see Blue Cross of California Inc. v. Insys Therapeutics Inc.*, No. CV-17-02286-PHX-DLR, 2018 WL 11352696, at *1 (D. Ariz. Dec. 12, 2018) (denying motion to seal emails disclosed during discovery on the sole basis that the emails were designated as confidential pursuant to protective order). Parties must articulate facts showing good cause beyond designations under a protective order, and Defendants, as explained above, have failed to do so.

Without further explanation of how specific portions of the Exhibit are confidential business information, the Court finds that no part of the emails warrant sealing. To give Defendant an opportunity to explain why any redactions are supported by good cause, the motion to seal is **DENIED** without prejudice.

B.    <u>Dkt. No. 114, 123, & 126</u>

The remaining three motions to seal will be discussed together as each concerns the Dealer Agreement.

First, Plaintiff moves unopposed to seal portions of her motion to compel discovery responses [Dkt. No. 117], including two exhibits in their entirety: Exhibit 2, the Dealer Agreement, and Exhibit 3, a Meet and Confer letter which quotes the Dealer Agreement. Dkt. No. 114. Second, Defendant moves to seal portions of its response in opposition to the motion to compel [Dkt. No. 125] and portions of the accompanying Declaration of Andrew Braun. Dkt. No. 123. Finally, Plaintiff moves unopposed to seal portions of her reply to Defendant's response in opposition to the motion to compel [Dkt. No. 127]. Dkt.

No. 126. In all three, the redacted portions refer to the Dealer Agreement. Defendant joined both of Plaintiff's motions. Dkt Nos. 120, 134.

Defendant argues that the Dealer Agreement, a contract between Defendant and a third-party Dealer, should be filed under seal in its entirety. Dkt. No. 120 at 3. Defendant asserts that the Dealer Agreement "contains specifically negotiated terms that are bargained for and agreed to by the individual parties," and that "[w]hile some of these terms may overlap across dealers, the individual terms in this agreement constitute trade secrets as to how the two entities operate." *Id.* Given the differences across Dealer Agreements, Defendant argues that disclosure of this particular Dealer Agreement would diminish its negotiating power and harm its existing business relationships. *Id.*

The Court finds that this is sufficient to establish good cause. As other courts have found, contracts with third parties that are kept private may cause competitive harm if publicly disclosed, even when similar contracts are entered into with multiple third parties. *See Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17CV205-MMA (MDD), 2020 WL 1911502, at *4 (S.D. Cal. Apr. 20, 2020) (finding compelling reason to seal defendant's vendor agreements, which were mostly "non-negotiable, boilerplate contracts," because each vendor did not know the exact terms of the other vendors' agreements). Because Dealer Agreements allegedly vary from dealer to dealer, it could harm Defendant's competitive standing to reveal this agreement to dealers whose agreements have different terms.

For these reasons, the Court finds that Defendant has demonstrated good cause to seal the Dealer Agreement and the references to it in Plaintiff's motion to compel, Defendant's response, and Plaintiff's reply. Accordingly, the motions to seal these documents, Dkt. No. 114, 123, and 126, are **GRANTED**.

## CONCLUSION

For the reasons explained above, the Court **GRANTS** the motions to seal Plaintiff's motion to compel [Dkt. No. 114], Defendant's response [Dkt. No. 123], and Plaintiff's

reply [Dkt. No. 126].  The Clerk of Court is respectfully requested to file Dkt. Nos. 116, 124, and 128 under seal.

The Court **DENIES** without prejudice Plaintiff's motion to seal her opposition to Defendant's motion for protective order [Dkt. No. 111]. Defendant must file any renewed motion to seal explaining why good cause exists to redact portions of the emails by not later than **December 5, 2025**.  If no renewed motion to seal is filed, Plaintiff must re-file her opposition publicly by not later than **December 12, 2025**.

**IT IS SO ORDERED.**

Dated:  November 19, 2025

_____
Hon. David D. Leshner
United States Magistrate Judge