UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASHID WADEEA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Corporation,<br><br>Defendant. | Case No.:  24-cv-1587-JLS-DDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND PROTECTIVE ORDER**<br><br>[Dkt. No. 165] |

    The Protective Order negotiated by the parties includes a provision authorizing them to redact information produced in discovery "that is objectively irrelevant to this Action." The issue is whether the Protective Order should be amended to remove this provision.

## I.
## BACKGROUND

**A.    Plaintiff's Amended Complaint**

    Plaintiff brings this putative class action against Defendant Mercedes-Benz USA, LLC (and two defendants that have not yet appeared in the case) on behalf of persons who purchased Mercedes-Benz S-Class vehicles of model years 2021 through 2024 (the "Class Vehicles") in California. Dkt. No. 140 ¶ 1 (Amended Complaint). The Class Vehicles

allegedly have "materially defective wheels and tires," i.e., the "Wheel Configuration Defect," (*id.*), which causes premature tire failure and frequent tire blowouts. *Id.* ¶¶ 27, 46-55. Plaintiff asserts that Defendant had knowledge of this defect and failed to take corrective action. *Id.* ¶¶ 6, 74-80.

Plaintiff brings claims for: (1) violations of California's Song-Beverly Consumer Warranty Act; (2) violations of California's Unfair Competition Law; (3) breach of express warranty; (4) breach of implied warranty; (5) unjust enrichment; and (6) fraudulent concealment. *Id.* ¶¶ 128-222.

**B.** <u>**The Protective Order**</u>

In April 2025, the Court granted the parties' joint motion for entry of a protective order and issued their proposed Protective Order governing discovery in this case. Dkt. No. 34. The Protective Order contains the following provisions that are relevant to this motion:

> The Parties recognize that there may be portions of documents and attachments that will be captured by searches, but that may not be relevant to any party's claims or defenses. Therefore, the Parties are not prohibited from redacting information that is objectively irrelevant to this Action.
>
> . . . .
>
> The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

*Id.* at 4, 11.

Both parties have redacted documents produced in discovery. Plaintiff has redacted portions of four responsive documents. Dkt. No. 165-4 at 3. Defendant has redacted a larger number of responsive documents as reflected in its 27-page "relevance redaction log." Dkt. No. 165-3. As explained by Defendant's counsel at the motion hearing on December 11, 2025, the redacted information includes (1) information pertaining to non-class vehicles; (2) information pertaining to S-Class vehicles sold outside California;

(3) information pertaining to vehicle parts other than wheels, rims and tires; and (4) information pertaining to tire and wheel issues with Class Vehicles where the dealers performing the repairs determined that any damage was caused by road hazards.

## II.

## **LEGAL STANDARDS**

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The burden is upon the party seeking the order to show good cause by demonstrating harm or prejudice that will result from the discovery." *Ribera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Similarly, a party seeking to modify an existing protective order ordinarily "bears the burden of proving such good cause exists to modify the protective order." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-MD-03047-YGR (PHK), 2024 WL 251404, at *8 (N.D. Cal. Jan. 23, 2024).[1]

The analysis differs where the parties stipulate to a protective order. "While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). "When the protective order was a stipulated order and no party has made a good cause showing, then the burden of proof remains with the party seeking protection." *Id.* For example, "if a party takes steps to release documents subject to a stipulated order, the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material." *Id.*

///
///
///

---

[1]   Unless otherwise noted, all citations are omitted, and in direct quotes, all internal quotation marks, brackets, ellipses and footnotes are omitted, and all emphasis is added.

# III.

# DISCUSSION

As an initial matter, the parties dispute which of them bears the burden on this motion. Plaintiff contends that Defendant must show good cause to maintain the provision authorizing redaction of "objectively irrelevant" information. Defendant counters that Plaintiff must show good cause to modify the Protective Order by removing the provision.

The parties stipulated to the Protective Order, and neither party made a good cause showing for any provision, including the provision authorizing redactions. *See* Dkt. No. 33. Nor did the Court make a good cause finding prior to adopting the stipulated Protective Order. *See* Dkt. No. 34. Thus, the principles articulated in *In re Roman Cath. Archbishop of Portland in Or.* apply here, and Defendant carries the burden of establishing good cause for the redaction provision because it is "the party seeking protection." *Id. See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (where third party intervenors sought documents produced in discovery by State Farm and designated pursuant to stipulated protective order, "the district court must require State Farm to make an actual showing of good cause for their continuing protection under Federal Rule of Civil Procedure 26(c)").

"Courts generally disfavor redacting responsive documents for relevancy, since such concerns can be addressed by a protective order." *Ho v. Marathon Pat. Grp., Inc.*, No. 521CV00339SSSSPX, 2023 WL 3044613, at *4 (C.D. Cal. Mar. 27, 2023). *See Rodriguez v. Vizio, Inc.*, No. 14-CV-368 JLS (NLS), 2015 WL 11439029, at *4 (S.D. Cal. Jan. 6, 2015) (ordering production of unredacted document and concluding that protective order adequately addressed producing party's "confidentiality concerns"); *Laub v. Horbaczewski*, 331 F.R.D. 516, 526 (C.D. Cal. 2019) ("a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case"). In addition, "unilateral redactions do little more than breed suspicion between the parties, generate discovery disputes, and invite unnecessary intervention by the court." *Canchola v. Allstate Ins. Co.*, No. 8:23-CV-00734

FWS (ADSX), 2025 WL 2373272, at *2 (C.D. Cal. July 11, 2025). Even where the party making unilateral redactions acts "with restraint and in good faith," the problems caused by such redactions may "outweigh the minimal risk of harm that may result from disclosure of some irrelevant or private material pursuant to a protective order." *Leprino Foods Co. v. Avani Outpatient Surgical Ctr., Inc.*, No. 2:22-CV-07434-DSF-JC, 2024 WL 4488711, at *14 (C.D. Cal. Sept. 30, 2024). At least one other court has adopted this reasoning and rejected Mercedes-Benz USA's proposal for unilateral relevance redactions in discovery. *Sowa v. Mercedes-Benz Grp. AG*, No. 1:23-CV-636-SEG, 2025 WL 3143639, at *7-8 (N.D. Ga. Nov. 3, 2025) (redactions of "objectively irrelevant" information "undermine the aims of the discovery process" and "would likely open the door to more discovery dispute litigation and time-consuming requests for *in camera* review").

Here, Defendant does not explain why the Protective Order's provisions authorizing the parties to designate materials as "Confidential" or "Confidential – For Counsel Only" are insufficient to protect any sensitive business information. *See* Dkt. No. 34.[2] And although the Court does not question Defendant's good faith in making redaction determinations, its explanation of the information it considers "objectively irrelevant" to Plaintiff's claims demonstrates that this provision is unworkable in the context of this case.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. For example, evidence that 2021-2024 S-Class vehicles experienced unexplained tire blowouts or failures would be relevant to Plaintiff's claims

---

[2] The Court is mindful that the parties negotiated the provision authorizing relevance redactions and that Defendant agreed to modify this District's model protective order provision regarding expert review of documents designated as "Confidential – For Counsel Only" in exchange for Plaintiff's agreement to include the relevance redaction provision. Dkt. No. 165-1 at 2. However, in ruling on this motion, the Court's determination is limited to whether Defendant has established good cause for the relevance redaction provision, and nothing in this Order prevents either party from seeking to modify any other provision of the Protective Order.

irrespective of whether the vehicles were purchased in California or another state. But Defendant's contrary position that such information is "objectively irrelevant" to Plaintiff's claims would deprive Plaintiff of this information. It does not matter whether such information would be admissible at trial – which is an issue to be determined by the District Judge – because information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Defendant's redaction of information pertaining to Class Vehicles where the dealers determined that any wheel or tire damage was caused by road hazards raises similar concerns. It may be true that Plaintiff "does not allege her tires were damaged by impact or road hazards." Dkt. No. 21 at 11 n. 1. However, it does not follow that a third-party dealer's determination that a tire was damaged by a road hazard renders that information "objectively irrelevant" to Plaintiff's claims. After all, relevant evidence "has any tendency to make a fact *more or less probable* that it would be without the evidence." Fed. R. Evid. 401(a) (emphasis added). A dealer's determination that a Class Vehicle sustained tire damage due to a road hazard (as opposed to a design defect) may not support Plaintiff's theory of the case, but it is still relevant under Rule 401(a).

Defendant cites authority for the proposition that unilateral redactions may be appropriate where the redacted information "plainly has no substantive bearing on the claims and defenses in th[e] action." *Found. for Glob. Sports Dev. v. United States Olympic Comm.*, No. 220CV04782FMOPVCX, 2021 WL 6618556, at *10 (C.D. Cal. June 24, 2021) (upholding redactions of responding party's board minutes showing its "litigation costs in an unrelated matter"). But even that case endorsed the proposition that the "unilateral redaction of documents on the ground that the producing party deems the information irrelevant is generally improper" and that redactions would be appropriate only where the information "plainly has no potential relevancy to the litigation or is particularly sensitive." *Id.* at *9. As explained above, the Court cannot conclude that the information Defendant elected to redact has "no potential relevancy to the litigation," and Defendant does not explain how the Protective Order's other provisions do not adequately address

concerns about production of sensitive information.

## IV.
## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion to amend the Protective Order and will concurrently issue an Amended Protective Order. By not later than **January 27, 2026**, each party must produce unredacted versions of any documents previously produced with redactions for relevancy.

**IT IS SO ORDERED.**

Dated: January 13, 2026

*/s/ David Leshner*
_____
Hon. David D. Leshner
United States Magistrate Judge