UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASHID WADEEA, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>                Defendant. | Case No.:  24-cv-1587-JLS-DDL<br><br>**ORDER DENYING MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[Dkt. No. 178]** |

    Before the Court is Defendant Mercedes-Benz USA's motion to file under seal Exhibits 5 and 6 to Plaintiff's response in opposition to Defendant's motion for a protective order. Dkt. No. 178. For the reasons below, the motion is **DENIED**.

**I.**

**FACTUAL BACKGROUND**

    On August 29, 2025, Plaintiff moved to file under seal in their entirety Exhibits 5 and 6 to her opposition to Defendant's motion for protective order and all portions of her opposition referring to those Exhibits, explaining that the Exhibits were designated by Defendant as "Confidential – For Counsel Only" and "Confidential," respectively. Dkt. No. 111. Defendant filed its notice of joinder to the motion on September 5, 2025. Dkt. No. 119. Defendant argued that good cause to seal existed because the documents

contained "confidential business information" that could "harm [its] competitive standing if distributed." *Id.* at 2.

The Court found that good cause did not exist to seal the documents in their entirety, as some portions of the Exhibits were clearly not confidential business information. Dkt. No. 168 at 2. The Court denied the motion to seal without prejudice and gave Defendant an opportunity to propose redactions to the Exhibits. *Id.* On December 5, 2025, Defendant filed its renewed motion to file under seal, and on December 11, 2025, Plaintiff filed her response in opposition. Dkt. Nos. 178, 186.

The Exhibits at issue are emails that Defendant contends reveal sensitive details regarding its business operations. Defendant argues that public disclosure of certain portions of the Exhibits would result in harm to its competitive standing and dealer relationships. Dkt. No. 178 at 2-3. Plaintiff opposes the motion, arguing that the documents contain "no information that any third party could use to gain an advantage over MBUSA." Dkt. No. 186 at 6.

## II.
## LEGAL STANDARDS

The public enjoys "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This longstanding principle "is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). Thus, when evaluating a request to seal judicial records, courts in this Circuit start with "a strong presumption in favor of access" to those records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

The party requesting sealing bears the burden of overcoming this strong presumption. *Id.* The showing required depends upon whether the underlying motion is closely related to the merits of the case – in which case the party

must demonstrate "compelling reasons" to seal – or is only "tangentially related" to them, which requires a less demanding showing of good cause. *See Ctr. for Auto Safety*, 809 F.3d at 1097. Most courts apply the "good cause" standard to discovery motions. Although less demanding than the "compelling reasons" standard, "good cause" nevertheless requires a "particularized showing that specific prejudice or harm will result" if the information is disclosed. *See Phillips ex rel. Estates of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning," do not satisfy the good cause standard. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). "[C]ourts will seal records containing detailed confidential business information" only "where the parties articulate a concrete, non-speculative harm" that would result from disclosure. *Grano v. Sodexo Mgmt., Inc.*, No. 18-cv-1818-RSH-BLM, 2022 WL 3371621, at *2 (S.D. Cal. Aug. 16, 2022).

### III.
### DISCUSSION

For similar reasons as those articulated in the Court's order denying the motion to seal without prejudice, Dkt No. 168, the Court finds that Defendant has failed to establish good cause to seal the redacted versions of the Exhibits.

Exhibit 5 is an email exchange between Mercedes-Benz employees identifying the entities that evaluate tire/wheel performance and warranty data and referencing an analysis of consumer complaints of tire damage. Defendant alleges that if the redacted portions of Exhibit 5 are publicly disclosed, "competitors could leverage MBUSA's organizational choices and decision criteria to compete with MBUSA, and vendors could use the information to negotiate against MBUSA." Dkt. No. 178 at 3. However, Defendant does not explain how competitors or vendors could use the information in Exhibit 5 in this manner, nor is the potential for such use apparent from the face of Exhibit 5. *See Vasquez v. O'Reilly Auto Enters.*, LLC, No. 1:21-CV-01099-DAD-SAB, 2022 WL 1645145, at *4 (E.D. Cal. May 24, 2022) (denying motion to seal based on asserted need to "protect the confidentiality of [party's] business processes and management decisions" where party did

not "make any 'particularized showings' or provide any further elaboration" as to why documents should be sealed).

Exhibit 6 is an email sent by one Mercedes-Benz employee to another discussing a tire issue raised by an unnamed customer. Defendant alleges that Exhibit 6 "reveal[s] information about the dynamics of customer reassurance and dealer-customer interactions, MBUSA's criteria for when and how potential product concerns are monitored rather than opened as formal cases, and how dealer reports factor into MBUSA's decisions," information that competitors could hypothetically use to inform their own business strategies. Dkt. No. 178 at 3. Defendant further argues that disclosure could "chill candid dealer communications, undermining MBUSA's quality control operations and dealer relationships." *Id.* at 4. Again, however, Defendant does not explain how public disclosure of the information in Exhibit 6 referencing tire issues reported by a single customer could adversely affect Defendant's business operations. *Vasquez*, 2022 WL 1645145, at *4.

Having reviewed Exhibits 5 and 6 in their entirety, the Court finds Defendant has not made a "particularized showing that specific prejudice or harm will result" if Exhibits 5 and 6 are publicly available in unredacted form. *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1210. As described above, Defendant's assertion that disclosure could be used by its vendors and competitors to their advantage is broad and speculative, as is its argument that disclosure would chill communications or harm dealer relationships. Therefore, the Court concludes that Defendant has failed to show good cause for sealing any portion of Exhibit 5 or 6.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV.

## CONCLUSION

Defendant's motion to file documents under seal [Dkt. No. 178] is **DENIED**. Plaintiff shall file her Response in Opposition to Defendant's Motion for Protective Order [Dkt. No. 113] without redactions to Exhibit 5 and Exhibit 6 on the public docket within 10 days of this Order.

**IT IS SO ORDERED.**

Dated: January 16, 2026

*/s/ David Leshner*

Hon. David D. Leshner
United States Magistrate Judge