UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASHID WADEEA, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>                              Defendant. | Case No.:  24-cv-1587-JLS-DDL<br><br>**ORDER RE MOTIONS TO SEAL**<br><br>**[Dkt. Nos. 236, 242]** |

Before the Court are motions to seal filed by Defendant Mercedes-Benz USA, LLC ("MBUSA") and Plaintiff Mashid Wadeea pertaining to documents submitted in connection with discovery disputes in this action.  Dkt. Nos. 236, 242.  The Court held a motion hearing on July 1, 2026.  For the reasons discussed at the motion hearing and in this Order, the motions are granted in part and denied in part.

## LEGAL STANDARDS

The public enjoys "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This longstanding principle "is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Thus, when

evaluating a request to seal judicial records, courts apply "a strong presumption in favor of access" to those records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).[1] The party requesting sealing bears the burden of overcoming this strong presumption. *Id.*

"Generally, the Court applies a good cause standard to motions to seal documents related to a discovery motion." *Dunsmore v. San Diego Cnty. Sheriff's Dep't*, No. 20-CV-406-AJB-DDL, 2024 WL 628021, at *9 (S.D. Cal. Feb. 14, 2024). Although less demanding than the "compelling reasons" standard, "good cause" nevertheless requires a particularized showing that specific prejudice or harm will result if the information is disclosed. *Phillips ex rel. Ests. of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not satisfy the good cause standard. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The good cause standard applies here because the motions to seal at issue involve documents filed in connection with discovery motions.

## ANALYSIS

### A.     MBUSA's Motion to Seal (Dkt. No. 236)

At the Court's direction, MBUSA filed a brief describing its position with respect to the discovery of documents pertaining to "road hazards." Dkt. No. 235. The brief includes the declaration of Ms. Coutu ("Coutu Decl.") that, in turn, includes three categories of exhibits that MBUSA moves to seal: (1) an excerpt of Plaintiff's deposition transcript, (2) repair orders reflecting tire repairs performed at third-party Mercedes-Benz dealerships and (3) a document describing MBUSA's Tire Program.

#### 1.     Deposition excerpts – Coutu Decl., Exh. A

As discussed at the July 1 motion hearing, the Court finds good cause to redact information that would reveal Plaintiff's address or location. The Court denies without prejudice the motion to seal the deposition excerpts at issue (pages 153, 158, 168 and 170) because they do not contain targeted redactions of such information. The parties must meet and confer regarding appropriate redactions to the transcript pages. By not later than **July**

2

**21, 2026**, the parties shall file a joint motion to seal the specific portions of these deposition excerpts that would reveal Plaintiff's address or location.

### 2. <u>Repair Orders – Coutu Decl., Exhs. M-T</u>

Exhibits M, N, O, P, Q, R, S and T to the Coutu Declaration are repair orders provided to MBUSA by third-party Mercedes-Benz dealerships describing tire repairs on Mercedes-Benz vehicles. MBUSA moves to seal the repair orders on the grounds that they contain sensitive and technical business information, reveal "non-public pricing strategies" of the third-party dealerships and "disclose the proprietary information of the dealership[s] regarding how they handle servicing and customer relationships." Dkt. No. 236 at 5-6.

As discussed at the motion hearing, Mercedes-Benz dealerships generally provide the repair orders to their customers with no restrictions on how the customers may disseminate the repair orders. This weighs against a finding of good cause to seal the repair orders. However, MBUSA points out that it obtained the repair orders directly from the third-party dealerships and that its dealership agreements require MBUSA to maintain the confidentiality of documents provided by the dealerships. Moreover, the documents reveal the third-party dealerships' "pricing strategies" and how the dealerships "handle servicing and customer relationships," the disclosure of which "could damage the dealerships' relationship with its customers and others." Dkt. No. 236 at 6. The Court credits these concerns and concludes that good cause exists to seal the repair orders provided to MBUSA by the third-party dealerships.

### 3. <u>Tire Program – Coutu Decl., Exh. U</u>

MBUSA's motion explains that Exhibit U to the Coutu Declaration consists of proprietary information regarding MBUSA's Tire Program, including the Program's "coverage portal, the specific standards for coverage of claims, and the competitive strategy for offering the program to consumers." *Id.* MBUSA further explains that the public disclosure of this information would cause it competitive harm. *Id.* Based on this showing, the Court finds good cause to seal the Tire Program documents.

/ / /

24-cv-1587-JLS-DDL

**B.**    **Plaintiff's Motion to Seal (Dkt. No. 242)**

Plaintiff moves to seal exhibits to its excerpts from Plaintiff's deposition transcript, a repair order document produced by MBUSA that reveals Plaintiff's location, a deposition transcript excerpt and a repair order document designated by MBUSA as Confidential under the Protective Order.

As discussed at the July 1 hearing, the Court denies without prejudice the motion to seal the excerpts from Plaintiff's deposition and the repair order document.  The parties must meet and confer regarding appropriate redactions to the deposition transcript excerpts and the repair order document.  By not later than **July 21, 2026**, the parties shall file a joint motion to seal the specific portions of the deposition transcript excerpts and repair order document that would reveal Plaintiff's address or location.

As discussed at the July 1 hearing, MBUSA does not seek to seal the excerpts from Jared Kantar's deposition testimony or MBUSA_WADEEA_0008535-8538. Accordingly, the motion to seal these documents is denied.

## **CONCLUSION**

For the reasons explained above, the Court **GRANTS IN PART** and **DENIES IN PART** the motions to seal as follows:

1.    MBUSA's motion to seal (Dkt. No. 236) is **GRANTED IN PART**.  By not later than **July 21, 2026**, the parties shall file a joint motion to seal Coutu Declaration Exhibit A that includes redactions to the specific portions of Plaintiff's deposition transcript that would reveal Plaintiff's address or location.  The Clerk of Court is respectfully requested to seal Coutu Declaration Exhibits M-U (lodged at Dkt. No. 237) in their entirety.

/ / /

/ / /

/ / /

/ / /

/ / /

24-cv-1587-JLS-DDL

2.    Plaintiff's motion to seal (Dkt. No. 242) is **GRANTED IN PART**.  By not later than **July 21, 2026**, the parties shall file a joint motion to seal the specific portions of Plaintiff's deposition transcript and the repair order document that would reveal Plaintiff's address or location.  Also by not later than **July 21, 2026**, Plaintiff must publicly file the Kantar deposition excerpts and MBUSA_WADEEA_0008535-8538.

**IT IS SO ORDERED.**

Dated:  July 13, 2026

_____
Hon. David D. Leshner
United States Magistrate Judge

24-cv-1587-JLS-DDL