UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MASHID WADEEA, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

MERCEDES-BENZ USA, LLC,

Defendant.

Case No.: 24-cv-01587-JLS-DDL

**ORDER (1) GRANTING IN PART JOINT MOTION TO SEAL AND (2) GRANTING PLAINTIFF'S MOTION TO REDACT PORTIONS OF JULY 1, 2026 TRANSCRIPT**

**[Dkt. Nos. 324, 327]**

Before the Court is the parties' Joint Motion to Seal [Dkt. No. 324] and Plaintiff's Motion to Redact Portions of the July 1, 2026 Transcript of Proceedings [Dkt. No. 327]. For the reasons set forth below, the Motion to Seal is **GRANTED IN PART**, and the Motion to Redact Portions of the Transcript is **GRANTED**.

## I.

## BACKGROUND

On February 13, 2026, the Court ordered the parties to submit briefing regarding the production of documents related to road hazards. Dkt. No. 224. Both Plaintiff and defendant MBUSA moved to seal portions of their briefing. Dkt. Nos. 236, 242. MBUSA requested to seal, *inter alia*, excerpts of Plaintiff's deposition transcript (Coutu Decl. Exhibit A) because of its designation as Confidential pursuant to the protective order. Dkt.

No. 236. MBUSA also requested to seal repair order exhibits (Coutu Decl. Exhibits M–T), arguing that they "reveal competitive pricing and proprietary business information from the third party dealership which MBUSA has an obligation to protect under its Dealership Agreement." *Id.* at 3. Plaintiff requested to seal, *inter alia*, excerpts of Plaintiff's deposition transcript and a repair order document, arguing that sealing of both documents was necessary to protect Plaintiff's physical location from public disclosure. *Id.* at 2-3.

The Court discussed the motions to seal at the July 1, 2026 discovery conference. The Court found that good cause exists to seal information that would reveal Plaintiff's address or location but questioned whether targeted redactions to location information would be more appropriate. Counsel for Plaintiff agreed and stated that they "[were] prepared to give [the Court] more targeted redactions." Dkt. No. 320 at 25 (July 1, 2026 Transcript 25:8-9). Because Plaintiff's location had been discussed on the record, counsel for Plaintiff also requested to make redactions to the transcript of the discovery conference.

Thereafter, the Court issued an order granting in part and denying in part both MBUSA and Plaintiff's motions to seal. Dkt. No. 318. The Court denied without prejudice the motions to seal excerpts of Plaintiff's deposition transcript and the repair order document because neither contained targeted redactions for Plaintiff's location. *Id.* The Court instructed the parties to "meet and confer regarding appropriate redactions" and to "file a joint motion to seal the specific portions of the deposition transcript excerpts and repair order document that would reveal Plaintiff's address or location." *Id.* at 4. Additionally, the Court granted MBUSA's motion to seal the repair order documents, crediting MBUSA's concerns regarding competitive harm and confidentiality. *Id.* at 3. The Court also issued an order permitting the parties to redact a portion of the transcript of the July 1, 2026 discovery conference and setting forth a procedure for proposing such redactions. Dkt. No. 314.

On July 21, 2026, the parties filed a joint motion to seal. Dkt. No. 324. On August 4, 2026, the parties filed a motion to redact a portion of the July 1, 2026 transcript of proceedings. Dkt. No. 327.

## II.

## LEGAL STANDARDS

The public enjoys "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This longstanding principle "is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Thus, when evaluating a request to seal judicial records, courts apply "a strong presumption in favor of access" to those records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The party requesting sealing bears the burden of overcoming this strong presumption. *Id.*

"Generally, the Court applies a good cause standard to motions to seal documents related to a discovery motion." *Dunsmore v. San Diego Cnty. Sheriff's Dep't*, No. 20-CV 406-AJB-DDL, 2024 WL 628021, at *9 (S.D. Cal. Feb. 14, 2024). Although less demanding than the "compelling reasons" standard, "good cause" nevertheless requires a particularized showing that specific prejudice or harm will result if the information is disclosed. *Phillips ex rel. Ests. of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not satisfy the good cause standard. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The good cause standard applies here because the motions to seal at issue involve documents filed in connection with discovery motions.

## III.

## ANALYSIS

### A. Joint Motion to Seal [Dkt. No. 324]

#### 1. Plaintiff's Deposition Transcript

On July 8, 2026, Plaintiff filed a redacted version of the transcript of Plaintiff's

deposition. Dkt. No. 310. Plaintiff argues that these redactions are appropriately tailored to "information that would reveal Plaintiff's address or location." Dkt. No. 324 at 2-3. The Court disagrees and finds that Plaintiff's proposed redactions are overinclusive. Plaintiff has failed to make targeted redactions. For example, Plaintiff seeks to redact pages 61 through 67 of the transcript in their entirety, but redactions of location-specific information on these pages would suffice to protect Plaintiff's location. Dkt. No. 325 at 15-21. Further, some of Plaintiff's proposed redactions have no discernible relevance to Plaintiff's current location. *See, e.g., Id.* at 34, 37, 74, 75. Accordingly, the Court denies the motion to seal Plaintiff's deposition transcript but will allow Plaintiff an opportunity to file a renewed motion that seeks to redact only those portions of the deposition transcript that would reveal Plaintiff's locations.

**2. <u>Repair Order</u>**

MBUSA requests that the Court reconsider its order regarding Plaintiff's motion to seal the repair order document attached as Exhibit 4 to her road hazard briefing. Plaintiff moved to file the repair order document under seal both because it was designated as confidential by MBUSA and because it reveals Plaintiff's address and location. Dkt. No. 242 at 3. MBUSA filed a joinder to Plaintiff's motion to seal, arguing that public disclosure of the repair order would reveal confidential information from the third party dealership, resulting in competitive harm. Dkt. No. 248. The Court denied without prejudice the motion to seal and instructed the parties to make targeted redactions to the portions of the repair order document that would reveal Plaintiff's address or location. Dkt. No. 318 at 4. MBUSA now asks the Court to allow the Exhibit 4 repair order document to be filed fully under seal, arguing that the Court's basis for sealing the repair orders attached as Exhibits M-T to the Coutu Declaration apply equally to this repair order. Dkt. No. 324.

In the prior order, the Court noted that "Mercedes-Benz dealerships generally provide the repair orders to their customers with no restrictions on how the customers may disseminate the repair orders," which "weighs against a finding of good cause." Dkt. No. 318 at 3. However, the Court was persuaded by MBUSA's argument that "it obtained the

repair orders directly from the third-party dealerships and that is dealership agreements require MBUSA to maintain the confidentiality of documents provided by the dealerships." *Id.* Here, Exhibit 4 indicates that it was produced by a Mercedes-Benz dealership. As such, the Court agrees it should be filed under seal for the same reasons as the repair orders in Exhibits M-T.

**B. <u>Plaintiff's Motion to Redact [Dkt. No. 327]</u>**

Plaintiff seeks to redact three words from the July 1, 2026 transcript of proceedings. Dkt. No. 327 at 2. Defendant does not oppose Plaintiff's request. *Id.* The Court finds that the proposed redactions are supported by good cause and narrowly tailored to protect Plaintiff's location from public disclosure. Plaintiff's motion to redact the July 1, 2026 transcript of proceedings is granted. The unredacted transcript shall remain under seal.

## IV.

## <u>CONCLUSION</u>

For the reasons set forth above, the joint motion to seal [Dkt. No. 324] is **GRANTED IN PART**, and Plaintiff's motion to redact the July 1, 2026 transcript of proceedings [Dkt. No. 327] is **GRANTED**. The Court further **ORDERS** as follows:

1. Within **<u>seven days</u>** of this order, Plaintiff must file a redacted public copy of the transcript of the July 1, 2026 proceedings.
2. Within **<u>fourteen days</u>** of this order, the parties must file a joint motion to seal the specific portions of Plaintiff's deposition transcript that reveal Plaintiff's location.

**IT IS SO ORDERED.**

Dated: September 18, 2026

David Leshner

Hon. David D. Leshner
United States Magistrate Judge