UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MASHID WADEEA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MERCEDES-BENZ USA, LLC, a Delaware Corporation; MERCEDES-BENZ GROUP AG, a German Corporation (f/k/a DAIMLER AG); MERCEDES-BENZ AG, a German Corporation,

Defendants.

Case No.: 24-CV-1587 JLS (DDL)

**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE LESHNER'S MAY 28, 2026, SUPPLEMENTAL ORDER**

(ECF No. 339)

Presently before the Court is Mashid Wadeea's Ex Parte Application for Leave to File a Sur-Reply ("App.," ECF No. 339). As an initial matter, Mercedes-Benz USA ("MBUSA") argues that the Application should be denied because Wadeea did not meet the requirements for an ex parte motion. ECF No. 344 ("Opp'n"). The Court cautions Wadeea to refrain from filing ex parte motions in the future unless a proper justification is shown. *See* ECF No. 343. Nonetheless, because MBUSA had an opportunity to respond, the Court finds no prejudice against MBUSA by ruling on the Application's merits. *See* ECF Nos. 343, 344.

Moving to the substance of Wadeea's Application: whether to grant leave to file a sur-reply is within the Court's discretion. *Estate of Alvarado v. Tackett*, No. 13-CV-1202 W (JMA), 2018 WL 1141502, at *1 (S.D. Cal. Mar. 2, 2018) (citing *Johnson v. Wennes*, No. 08-CV-1798-L (JMA), 2009 WL 1161620, at *2 (S.D. Cal. Apr. 28, 2009)). Courts generally exercise discretion when a valid reason exists, such as where the movant raises new arguments in the Reply brief. *Id.* A court may also permit a surreply "in the interest of fairness" even where the "reply brief [is] largely responsive to issues raised by [the opposing part] in its opposition" brief. *Sherman v. Yahoo! Inc.*, No. 13CV0041-GPC-WVG, 2015 WL 5604400, at *3 (S.D. Cal. Sept. 23, 2015).

Here, Wadeea requests to file a sur-reply in order to highlight new evidence that was "recently made available to Plaintiff." App. at 1. This evidence comes in the form of a document showing tire failure rates for S-Class vehicles. Although briefing for this Objection concluded on July 9, 2026, the document did not become available to Wadeea until September 2, 2026, after Judge Leshner granted her Motion to Compel. *Id.*; *see* ECF No. 313. MBUSA argues that Wadeea is trying to add arguments "she already made and information about evidence she has known about since August 6, 2025. Opp'n at 1. But the Court has a hard time believing this given that the document only became available earlier this month. Thus, the Court finds that Wadeea's Application should be granted in the "interest of fairness." *See NJOY, LLC v. Imiracle (HK) Ltd.*, No. 24-cv-00397-BAS-JLB, 2024 WL 4774890, at *3 (S.D. Cal. Nov. 13, 2024) (granting leave to file sur-reply based on evidence not available at the close of briefing). The Court also finds that, in the interest of fairness, MBUSA should themselves be given an opportunity to respond.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, the Court **GRANTS** Wadeea's Application (ECF No. 339). Wadeea **SHALL FILE** her sur-reply within two days of the issuance of this order. MBUSA **SHALL FILE** its response within two days after that date. Each Party's brief **SHALL NOT** exceed two pages.

**IT IS SO ORDERED.**

Dated: October 1, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge