UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MASHID WADEEA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MERCEDES-BENZ USA, LLC, a Delaware Corporation; MERCEDES-BENZ GROUP AG, a German Corporation (f/k/a DAIMLER AG); MERCEDES-BENZ AG, a German Corporation,

Defendants.

Case No.: 24-CV-1587 JLS (DDL)

**ORDER GRANTING MOTIONS TO FILE DOCUMENTS UNDER SEAL**

(ECF Nos. 239, 245, 293, 340)

Presently before the Court are the Parties' various Motions to File Documents Under Seal (collectively "Mots.," ECF Nos. 239, 245, 293, 340). For the following reasons, the Court **GRANTS** the Motions.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*

*v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* To show good cause, the moving party must make a "particularized showing . . . with respect to any individual document," *San Jose Mercury News, Inc.*, 187 F.3d at 1103, that "specific prejudice or harm will result if no protective order is granted," *Phillips ex rel. Ests. of Byrd*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

The Motions at issue relate to the Parties' objections to Magistrate Judge Leshner's Discovery Orders. As a result, the underlying objections are only "tangentially related" to the merits of this case. *Ctr. for Auto Safety*, 809 F.3d at 1098 ("[D]iscovery-related motions are often unrelated to the merits of a case . . . ."). The Parties must thus meet the good-cause standard. *San Jose Mercury News, Inc.*, 187 F.3d at 1103

Examples of good cause includes where records are "privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing." *Mezzadri v. Med. Depot, Inc.*, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015). The documents the Parties seek to have sealed contain, among other things, information regarding Mercedes-Benz USA's ("MBUSA") process for fuel emissions testing, how that testing is

used in related reports, and research and development testing. The Court finds that this information relates to confidential commercial information that may harm MBUSA's competitive standing.

Accordingly, the Court **GRANTS** the Motions (ECF Nos. 239, 245, 293, 340). The Clerk of Court **SHALL FILE** under seal the sealed lodged proposed documents (ECF Nos. 240, 246, 294, 341).

**IT IS SO ORDERED.**

Dated: October 5, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge